In the Matter of the Application of ISRAEL ORSECK, Petitioner, Respondent, for a Prohibition Order against EBEN RICHARDS, a Justice of the Peace of the Town of Tuxedo, County of Orange, Appellant.

Second Department, November 25, 1940.

*John F. Loehr, Assistant Attorney-General [John J. Bennett, Jr., Attorney-General, Joseph A. McLaughlin, Assistant Attorney-General,* with him on the brief], for the appellant.

*Ellsworth Baker,* for the respondent.

JOHNSTON, J.  On November 3, 1937, petitioner, pursuant to a warrant issued for his arrest, appeared before appellant, a justice of the peace at Tuxedo, N. Y., and pleaded not guilty to the charge of violating subdivision 3 of section 161 of the Labor Law, as a second offender.  The trial was set for November 10, 1937, at which time petitioner demanded a trial by jury.  A venire was issued and the case set down for December 7, 1937.  By consent the case was successively adjourned to January 18, 1938.  On that date the county judge, upon petitioner's application, made an order staying the proceedings pending decision of petitioner's motion for a stay of the trial until the determination of petitioner's appeal from the judgment convicting him of his first violation

of the same statute. On April 16, 1938, the motion was denied and the stay vacated. On April 26, 1938, appellant sent notice to all parties to appear before him on May 10, 1938, to draw a jury and set a new date for trial. On May 10, 1938, the case was set for May 25, 1938, and petitioner's bail continued. On May 25, 1938, the county judge, upon petitioner's application, made an order staying proceedings pending determination of petitioner's motion which, in substance, attacked the validity of the affirmance of the prior judgment of conviction, and on the same day appellant again continued the case until further order and also continued bail. On November 18, 1938, the motion was denied and the stay vacated. On December 23, 1938, appellant sent notice to all parties to appear before him on January 5, 1939, to draw a jury and fix a date for trial. On January 5, 1939, petitioner submitted an affidavit of substitution of attorneys and requested an adjournment. The adjournment was granted and the case set for January 7, 1939, whereupon petitioner made application to the Supreme Court for an alternative order of prohibition, and the proceedings before appellant were again stayed pending the hearing of the application. The motion was granted and the alternative order was made final and absolute. From the order entered thereon the justice of the peace appeals.

Petitioner contends that appellant lost jurisdiction because of his failure to adjourn the proceedings from time to time. Appellant did not lose jurisdiction of the proceeding or of petitioner. Petitioner's bail was continued throughout and on all but two occasions the case was adjourned to a day certain. To these adjournments no objection was raised. On each of the two excepted occasions appellant was stayed by order of the county judge from taking any action in the matter. After each stay was vacated appellant acted within a reasonable time and notified the parties to appear before him and proceed with the trial. In any event, petitioner appeared before appellant on each occasion after the stay was vacated and on the second occasion submitted an affidavit of substitution of attorneys and requested an adjournment. While jurisdiction over the subject-matter cannot be conferred by consent, jurisdiction over the person may. (*Hogan* v. *Baker*, 2 E. D. Smith, 22.) In addition, bail was continued throughout the proceedings. Petitioner was, therefore, in constructive custody of the law. (*Netograph Manufacturing Co.* v. *Scrugham*, 197 N. Y. 377, 381; *People* v. *Harber*, 100 App. Div. 317, 319.) The present case is to be distinguished from *Matter of Anspach* v. *Rider* (249 App. Div. 916), relied on by petitioner. There the justice of the peace did not properly adjourn the case but postponed the drawing

of a jury to such time as would be convenient to petitioner's attorney. Here the justice of the peace, upon petitioner's application, was stayed by orders of the County Court from taking any action, and, therefore, continued the case until further order and also continued petitioner's bail.

The order should be reversed upon the law and the facts, without costs, the application denied, without costs, and petitioner directed to stand trial before the justice of the peace.

LAZANSKY, P. J., ADEL, TAYLOR and CLOSE, JJ., concur.

Order reversed on the law and the facts, without costs, the application denied, without costs, and petitioner directed to stand trial before the justice of the peace.