Wachtler, J.
In these three article 78 proceedings the petitioners, who are inmates at State correctional institutions, seek credit for jail time previously spent in local detention facilities. In each case the petitioner was sentenced on one charge and then was either held in a local facility or returned to a local facility to await disposition of another charge or charges which ultimately resulted in one or more additional sentences. The question common to all the appeals is whether the time spent in custody between the first sentence and a later one should be credited against the later sentence pursuant to subdivision 3 of section 70.30 of the Penal Law. In the Collins case the petitioner also seeks credit, against the second sentence, for time spent in a local facility prior to the first sentence.
The Kalamis case
In the first appeal Matter of Kalamis v Smith (51 AD2d 859), the petitioner was charged with committing various crimes in three different counties. On November 14, 1973 the Nassau County Court sentenced him to 0 to 5 years for attempted robbery in the first degree. On January 2, 1974, while petitioner was still in the Nassau County jail, Suffolk County filed a detainer warrant against him. He was later sent to New York County where, on January 16, 1974 he was sentenced to 0 to 4 years for attempted burglary in the third degree. This sentence was to run concurrently with the first.
*196 On January 30, 1974 he was sent to the State correctional institution at Green Haven. On February 14 he was transferred to the State institution at Clinton. Several days later (Feb. 20) he was sent to the Suffolk County jail to await disposition of the Suffolk County charge. He remained in that jail until December 9, 1974 when he was sentenced to 0 to 5 years for robbery in the third degree. This sentence is to run concurrently with the first two. He was returned to State prison on December 19, 1974.
Thus the petitioner is now serving three indeterminate sentences, imposed by three different courts, at three different times. However, because the sentences are to run concurrently "the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to run” (Penal Law, § 70.30, subd 1, par [a]). As a result the. controlling sentence, that is, the one with the latest expiration date, is the Suffolk County sentence imposed on December 9, 1974.
Petitioner claims that he was in constructive custody of the Suffolk County authorities from January 2, 1974, the date the Suffolk County warrant was filed, until December 19, 1974, the date he was returned to State prison and thus should have this time credited against the controlling Suffolk County sentence. The courts below agreed that 28 days of this time (Jan. 2 to Jan. 30, 1974) should be credited to the Suffolk County sentence. On this appeal petitioner claims that the remainder of this time should be credited against this sentence pursuant to subdivision 3 of section 70.30 of the Penal Law.[1]
The relevant portion of subdivision 3 of section 70.30 of the Penal Law states:
"The maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence. * * * The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the *197 person is subject. Where the charge or charges culminates in more than one sentence, the credit shall be applied as follows:
"(a) If the sentences run concurrently, the credit shall be applied against each such sentence”.
The primary purpose of the statute is to give a person convicted of a crime, credit for the time he has spent in local custody awaiting disposition of the charge. It is also intended to give him credit for the time spent in a local facility after pronouncement of sentence, since an indeterminate sentence does not formally commence until the person is received at a State institution (Penal Law, § 70.30, subd 1), and a definite sentence does not formally commence until he is received at the institution named in the committment (Penal Law, § 70.30, subd 2). As a general rule then a person who has been held in local custody, on a certain charge, prior to the formal commencement of his sentence on that charge, is entitled to credit the time previously spent in the local facility before and after sentence was pronounced. However, even though a person has been held in local custody on a certain charge, he is not entitled to have the time credited against the sentence imposed on that charge if it has already been credited to a "previously imposed sentence.”
The application of these principles becomes complicated when the petitioner has been held on several charges which result in multiple sentences. The commission staff which drafted the statute noted that under prior law there was no "rule with respect to the manner of calculating jail time when multiple sentences are imposed” (see Commission Staff Notes to the 1964 Draft of the Proposed Penal Code, § 30.30, subd 3 [no Penal Law, § 70.30, subd 3]). Thus they included, as a "new feature”, the requirement that jail time should be credited when the charges culminate in more than one sentence and further provided that the time shall be credited against each such sentence if the sentences run concurrently. But when, as here, the concurrent sentences have been imposed at different times, can the time between the first and second sentence be credited to the second if it has already been credited to the first? Under these circumstances it would seem that the new general rule regarding multiple sentences is cut short by the specific exception relating to "previously imposed” sentences.
Here the Appellate Division held that once Kalamis formally commenced service of the first two sentences at State *198 prison on January 30, 1974 all the time subsequently spent in custody, whether in State prison or the Suffolk County jail, was being credited against the prior sentences and could not be credited against the Suffolk County sentence. They held that this is required by "the clear mandate of section 70.30 and the holding in Matter of Canada v McGinnis (36 AD2d 830, affd 29 NY2d 853).”
In the Canada case the defendant was arrested in Manhattan and released on bail in 1967. On February 6, 1968 he was arrested on a second charge and was held in the Manhattan House of Detention. On May 15, 1968 he was sentenced on the first charge to a term of 1 year, 3 months to 2 years, 6 months. On July 1, 1968 he was transferred to the State penitentiary at Sing Sing and formally commenced service of the first sentence. Ten days later he was returned to the Manhattan House of Detention to stand trial on the second charge. He was found guilty and, on September 26, 1968, was sentenced to an indeterminate term with a maximum of seven years. He claimed that the time spent in the Manhattan House of Detention awaiting the disposition of the second charge (July 11-Sept. 26, 1968) should be credited as jail time against the second sentence. The Appellate Division held that he was not entitled to credit this time against his second sentence because he "was serving a sentence under a prior conviction at the time of his transfer to the House of Detention and, consequently, the time served there was part of his first sentence” (36 AD2d 830). We affirmed, without opinion (29 NY2d 853).
The holding of the Canada case is directly applicable here. Since Kalamis commenced the service of his first two sentences when he arrived at State prison on January 30, 1974 all the time later spent in custody, whether in State or local institutions, was credited against the first two sentences and could not be credited against the third, Suffolk County sentence. Kalamis in fact makes no effort to distinguish the Canada case. Instead he relies on our more recent holding in People ex rel. Middleton v Zelker (36 NY2d 691).
In Middleton the petitioner was arrested in Kings County on May 27, 1968 and held there to await disposition of a Kings County robbery charge. On June 27, 1968 the Westchester County authorities issued a detainer warrant on another robbery charge. This warrant was filed against him in Kings County. Nearly a year later (April 30, 1969) petitioner pleaded *199 guilty, in Kings County, to robbery in the third degree. On about October 1, 1969, before being sentenced in Kings County he was transferred to Westchester County where he again pleaded guilty to robbery in the third degree and, on October 17, 1969, was sentenced to an indeterminate term for a maximum of seven years. He was then transferred back to Kings County where, on November 25, 1969 he was sentenced to an indeterminate term not to exceed four years, to run concurrently with the Westchester County sentence. On about December 13, 1969 he commenced serving the sentences in State prison.
Although Middleton had been in local custody for 556 days, the prison authorities only gave him jail time credit for 72 days against his controlling Westchester County sentence— i.e., from the date he was physically surrendered to the Westchester authorities (Oct. 1, 1969) to the date he was received at the State institution (Dec. 13, 1969). The remainder of the time, which had been spent in Kings County facilities, was credited only against the Kings County sentence. The question was whether the petitioner was "in custody * * * as a result of’ the Westchester charge while he was physically held in Kings County. The Appellate Division held that he had been in "constructive custody” of the Westchester authorities from June 27, 1968, the date the Westchester detainer warrant was issued, and presumably filed, until he formally commenced serving his sentence (Dec. 13, 1969), a total of 526 days which should be credited against the Westchester sentence (42 AD2d 998). We affirmed on the Appellate Division memorandum (36 NY2d 691).
Kalamis claims that the Middleton holding affects his case in two respects. First he claims that it shows that he was in the constructive custody of the Suffolk County authorities from January 2, 1974, when the detainer warrant was filed. Secondly he claims that it shows that once a detainer warrant is filed, the place of detention becomes immaterial and thus he should be deemed to have been in the custody of the Suffolk County authorities even during the period he was actually incarcerated in State prison.
The arguments do not go far enough. In Middleton the petitioner sought credit for time in custody prior to the imposition of any sentence. Since no sentence was being served during that period, the time was not already committed to a previously imposed sentence. Here however Kalamis *200 claims credit for time in custody after he had begun the first two sentences. Since that time was already being credited against the first two sentences, it could not also be credited as jail time against the third (Matter of Canada v McGinnis, 36 AD2d 830, affd 29 NY2d 853, supra). Thus even if we were to hold that Kalamis was in the constructive custody of the Suffolk County authorities during this period, the time could still not be credited against the Sufolk County sentence.
The Collins case
In the second appeal, Matter of Collins v Vincent (50 AD2d 886), the petitioner was first arrested in Queens County in 1973 and was then released on bail. Later that year (Sept. 1) he was arrested again, in Queens County, and held on another charge, a robbery, at the Queens County House of Detention. On September 19, 1973 bail on the first charge was exonerated and a bench warrant was lodged. On November 9, 1973 petitioner pleaded guilty to unauthorized use of a motor vehicle in satisfaction of the first charge; was sentenced to nine months’ imprisonment and immediately commenced serving the sentence at Hiker’s Island. On January 22, 1974 he was sentenced on the second charge to an indeterminate term of 3½ to 7 years to run concurrently with the earlier sentence. A week later he was transferred to the Brooklyn House of Detention to await the disposition of a third charge. On February 27, 1974 he was sentenced on the third charge to a one-year concurrent term.
The prison authorities credited the petitioner with 60 days jail time against the controlling, second sentence of 3½ to 7 years. Petitioner commenced this article 78 proceeding claiming an additional 138 days jail time credit. Special Term held that he was entitled to an additional six days and the Appellate Division affirmed (50 AD2d 886).[2]
On this appeal petitioner claims that he is entitled to an additional credit of 124 days against the second sentence. Two distinct periods are involved: (1) time spent in custody from the date the bail was exonerated and the warrant was filed (Sept. 19, 1973) to the date the sentence commenced on the first charge (Nov. 9, 1973), a total of 50 days and (2) time spent in custody between the date the first sentence commenced (Nov. 9, 1973) and the date the second sentence was imposed *201 (Jan. 22, 1974), a total of 74 days. Credit for the second period should be denied on the authority of Matter of Canada (supra). But the petitioner is entitled to jail time credit for the first period pursuant to Middleton and its progeny, Matter of Manning v Vincent (37 NY2d 724).
The respondents note that between September 19 and November 9, 1973 petitioner was held on two charges. Consequently, when he received his first sentence, on the first charge, this period was properly credited, as jail time, against the first sentence. They argue then that it cannot be credited against the second sentence because it had already been credited against a "previously imposed sentence” (Penal Law, § 70.30, subd 3; Matter of Canada, supra).
In Middleton, as noted, we decided that a person held in custody on more than one charge prior to the commencement of any sentence, is entitled to credit this period against a sentence later imposed on one of the charges. However, in that case the credit was taken against the first sentence, which happened to be the controlling one. The principle though was later extended in Matter of Manning v Vincent (supra). In that case the petitioner was held in custody on three charges and was later sentenced on each of them but at different times. He sought to credit the time in custody prior to the commencement of the first sentence, against the third sentence, which was the controlling one. We held that he could, citing Middleton.
The respondent claims that Middleton and Manning are not applicable here because in those cases the concurrent sentences were for indeterminate terms, while here the first sentence was for a definite term of nine months. The distinction is of no significance. The statute expressly provides that "If the sentences run concurrently, the credit shall be applied against each such sentence” (Penal Law, § 70.30, subd 3, par [a]). Obviously the statute applies to all concurrent sentences and not just to indeterminate concurrent terms.
The problem presented in this case, it should be noted, is different from Canada. There the petitioner was actually serving a prior sentence while he was in local custody on the second charge. Here, however, there was no sentence in existence while the petitioner was in local custody (from Sept. 19 to Nov. 9, 1973) and thus the time was not being credited, as time actually served, against a previously imposed sentence. The fact that it was later credited to another sentence, *202 as jail time, before the controlling sentence was imposed, does not preclude a second jail time credit. On the contrary, as indicated, the statute expressly requires that jail time be applied against each sentence when the various charges on which the petitioner was held result in multiple concurrent sentences (Penal Law, § 70.30, subd 3, par [a]).
In sum, the petitioner is entitled to an additional credit of 50 days against his second sentence for time spent in local custody from September 19, 1973 to November 9, 1973.
The Bush case
In the third appeal, Matter of Bush v Smith (51 AD2d 860), the petitioner was first arrested in Kings County on January 4, 1972, for robbery, and was released after posting bail. On December 7, 1972 he was arrested again in Kings County, for a second robbery, and was held in the Brooklyn House of Detention. On December 15, 1972 he was sentenced on the first charge to an indeterminate term of 0 to 3 years. One month later (Jan. 16, 1973) he was transferred to a State correctional institution and formally commenced serving the first sentence. On November 13, 1973 he was returned to Kings County and two days later was sentenced on the second charge to an indeterminate term of 0 to 7 years, to run concurrently with the first sentence.
Petitioner claims that all the time spent in custody after his arrest on the second charge to the date he was sentenced on the second charge (Dec. 7, 1972—Nov. 15, 1973) should be credited to the second sentence, which resulted from that charge. The prison authorities credited-him with seven days (from the date of arrest on the second charge to the date he was sentenced on the first charge [Dec. 7, 1972 to Dec. 15, 1972]), against the second sentence, which is the controlling one. The remainder of the time which was spent in custody after the first sentence, was credited only against the first sentence.
The courts below held that all the time spent in custody after the first sentence was properly credited against that sentence, and thus could not be credited against the second one. The Appellate Division held that the decision in Canada was dispositive. They distinguished Middleton on the ground that the credit allowed there was "for time spent under presentence incarceration” (51 AD2d 860).
Although the petitioner was sentenced December 15, 1972 *203 he did not formally commence serving the sentence until he arrived at the State correctional institution on January 16, 1972. Under the Canada holding all time spent in custody after January 16, 1972 cannot be credited as jail time against the second sentence because during that period petitioner was actually serving the first sentence. But the time spent in the Brooklyn House of Detention prior to that date falls into another category. As noted earlier, jail time includes all time spent in local custody prior to the formal commencement of the sentence. Thus the time spent in the Brooklyn House of Detention after pronouncement of the sentence but before arrival at the State institution was still only jail time which, as indicated above in Matter of Collins, should be applied against each concurrent sentence (Penal Law, § 70.30, subd a; see, also, Matter of Manning v Vincent, 37 NY2d 724, supra).
In sum, Bush is entitled to credit against his second sentence, the time he spent in the Brooklyn House of Detention from December 15, 1972 to January 16, 1973.
Finally we would note that in each of these appeals the petitioners complain that the amount of jail time credited to the controlling sentence should not depend upon fortuitous events—the timing of the sentences, whether the last sentence or a previous one is controlling, whether the petitioner was held in local custody or sent to a State institution during a certain period, etc. Undoubtedly problems of this nature are to be found in any complex statutory scheme. Perhaps they are inherent in the nature of the intractable sentencing process itself. But whatever the reason, the remedy, if there is or should be one, lies with the Legislature.
The orders of the Appellate Division should be affirmed in Matter of Kalamis v Smith and modified in Matter of Collins v Vincent and Matter of Bush v Smith, in accordance with this opinion.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
In Matter of Kalamis v Smith: Order affirmed, without costs.
In Matter of Collins v Vincent: Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.
In Matter of Bush v Smith: Order modified, without costs, in *204 accordance with the opinion herein and, as so modified, affirmed.

. The respondent has not cross-appealed from that portion of the Appellate Division order which granted the petitioner credit for 28 days spent in the Nassau County jail.

. The respondent has not cross-appealed from that determination and has apparently also given the petitioner an additional credit for seven days.