■ In the Matter of EDWARD L. FURBUSH, Appellant, v JAMES CLEARY, as Warden of the Suffolk County Jail, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to credit petitioner with certain jail time, petitioner appeals from so much of a judgment of the Supreme Court, Suffolk County, dated January 27, 1977, as failed to grant him jail time credit for the periods November 6, 1973 to November 7, 1973 and December 5, 1973 to January 3, 1974. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and respondent is directed to grant petitioner jail time credit for the periods in question. Petitioner, whose first two arrests were in Nassau County, for which he was intermittently confined, seeks credit for such confinement towards sentences imposed in Suffolk County on unrelated crimes. The time in custody for which jail credit is sought was prior to the imposition of any sentence connected with the crimes for which he was incarcerated. The record discloses that the first sentence was imposed on October 2, 1974 for a crime committed in Suffolk County. The petitioner was adjudicated a youthful offender and received an indeterminate term of imprisonment with a maximum of four years. Thereafter, on October 17, 1974, he received a one-year definite sentence to run concurrently with the sentence imposed on October 2, 1974. On November 8, 1974 the petitioner was sentenced for a third time. This sentence was a zero- to four-year indeterminate term of

imprisonment for the crimes for which he was originally arrested and confined, some 32 days, and for which period he now seeks jail time credit. Subdivision 3 of section 70.30 of the Penal Law mandates that jail time credit be calculated from the date custody under the charge commenced to the date the sentence commences, and further provides that where charges culminate in more than one sentence the credit is to be applied against each concurrent sentence (see *Matter of Colon v Vincent,* 49 AD2d 939). Since the time for which credit is sought was not served under any previously imposed sentence, and since all three sentences were to be served concurrently, the petitioner's claim for an additional credit of 32 days for the periods November 6, 1973 to November 7, 1973 and December 5, 1973 to January 3, 1974 should have been granted (see *Matter of Collins v Vincent,* 42 NY2d 191). Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.