OPINION OF THE COURT
Memorandum.
Order affirmed.
Relator was arrested on a weapons charge on January 14, 1975 and still remained in custody on August 13, 1975. On that date he received a six-month sentence for a prior unrelated misdemeanor in connection with which a warrant had been lodged against him on January 20, 1975. Until August 13, 1975, no sentence on either charge having been imposed, no term of imprisonment can be said to have been commenced (Matter of Collins v Vincent, 42 NY2d 191, 200-202; Matter of Manning v Vincent, 37 NY2d 724).
*879 Because of the time the relator had been held in custody by August 13, 1975, and after allowing for "good behavior time” (Penal Law § 70.30, subd 4), the six-month sentence for the misdemeanor was deemed to have already expired on June 10, 1975. Since, between January 20, 1975 and August 13, 1975 the relator was being held while awaiting the disposition of both charges, when, on April 19, 1976 a one and a half to three year’s sentence was imposed on the weapons charge, his 1975 jail time should have been credited to that sentence also. For, though already applied in complete satisfaction of the misdemeanor sentence, the jail time, not being a "previously imposed sentence” within the meaning of subdivision 3 of section 70.30 of the Penal Law (People ex rel. Bridges v Malcolm, 44 NY2d 875 [decided herewith]) was available for application towards the sentence imposed in the weapons case as well.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke.
Order affirmed, without costs, in a memorandum.