■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DIDIO, JR., Appellant. (Appeal No. 1.) — Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: Upon his plea of guilty to a charge of grand larceny in the third degree, defendant was sentenced to a five-year period of probation, the first 60 days of which were to be served in the Monroe County Jail (Penal Law, § 60.01, subd 2, par [d]). The court then added that it was its intention that any time already served by defendant on the charge was not to apply to its sentence of 60 days. Defendant had already spent some 36 days in custody for the charge upon which he was convicted. Subdivision 3 of section 70.30 of the Penal Law provides: "The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence." (See *People ex rel. Bridges v Malcolm,* 44 NY2d 875; *Matter of Kalamis v Smith,* 42 NY2d 191.) By excluding the period of time that defendant had already spent in custody the court impermissibly extended the period of imprisonment which it was authorized to impose upon defendant by section 60.01 (subd 2, par [d]) of the Penal Law beyond 60 days. (Appeal from judgment of Monroe County Court — grand larceny, third degree.) Present — Dillon, P. J., Cardamone, Simons, Doerr and Moule, JJ.

■ In the Matter of JOHN G. DIDIO, JR., Appellant, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, Respondent, and LAWRENCE T. KURLANDER, as District Attorney, Intervenor-Respondent. (Appeal No. 2.) — Appeal unanimously dismissed as academic. (Appeal from judgment of Monroe Supreme Court — art 78.) Present — Dillon, P. J., Cardamone, Simons, Doerr and Moule, JJ.