OPINION OF THE COURT
Arthur D. Spatt, J.
This is a CPLR article 78 proceeding wherein petitioner, currently incarcerated, seeks a judgment directing respondent commissioner to recalculate the remaining “jail time” to be served by petitioner under the “3 to 6 year” indeterminate sentence imposed upon him on June 27, 1974, which sentence was imposed for the crime of robbery.
Specifically, petitioner contends that upon such recalculation, respondent should be directed to “credit” to said sentence, that is, to diminish the maximum remaining term of said sentence, by the amount of 341 days, which “amount of time” petitioner concededly spent incarcerated in the Queens County House of Detention between May 1, 1977 and April 7, 1978. Such period of incarceration resulted from petitioner’s arrest on May 1, 1977, for the commission of an unrelated burglary charge. At the time of his 1977 arrest, petitioner, while still subject to the 1974 sentence, was free of incarceration pursuant to his participation in a “college release program”.
Respondent opposes the crediting of the 341 days “jail time” to the 1974 sentence. He contends that said period of time should only be credited to the one and one-half to three-year indeterminate sentence to which petitioner *702 was sentenced on March 30, 1978, as a result of his February 23, 1978 plea of guilty to the charge of attempted burglary, and not to the remaining term of the 1974 sentence.
For the reasons set forth below, the court hereby grants the relief requested by petitioner, and the Commissioner of Correctional Services is directed to forthwith recalculate petitioner’s 1974 sentence, crediting same with the 341 days of “jail time” spent by petitioner in the Queens County House of Detention.
When petitioner was sentenced on March 20, 1978, to one and one-half to three years’ imprisonment for the crime of attempted burglary, the sentencing court directed that such sentence be made to run “concurrently” with the previously imposed and as yet unexpired term of three to six years’ term imposed in 1974.
Subdivision 3 of section 70.30 of the Penal Law provides, in pertinent part, as follows:
“§ 70.30 Calculation of terms of imprisonment
“3. Jail time. The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence. In the case of an indeterminate sentence, if the minimum period of imprisonment has been fixed by the court or by the board of parole, the credit shall also be applied against the minimum period. The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject. Where the charge or charges culminate in more than one sentence, the credit shall be applied as follows:
“(a) If the sentences run concurrently, the credit shall be applied against each such sentence”. (Emphasis supplied.)
Thus, “[a]s a general rule *** a person who has been held in local custody, on a certain charge, prior to the formal commencement of his sentence on that charge, is *703 entitled to credit the time previously spent in the local facility before and after sentence was pronounced.” (Matter of Kalamis v Smith, 42 NY2d 191, 197.)
However, said case takes note of the statutory exception to the above rule, and does so in the following terms: “he [petitioner] is not entitled to have the time credited against the sentence imposed on that charge if it has already been credited to a ‘previously imposed sentence’.” (Matter of Kalamis v Smith, supra, p 197.)
Where the “jail time” has not been “credited” to a previously imposed sentence, and the petitioner is sentenced to more than one concurrent sentence for crimes committed at different times, “the credit (time spent in custody prior to the commencement of such sentence) shall be applied against each such sentence.” (Penal Law, § 70.30, subd 3, par [a]; emphasis supplied.) (See People ex rel. Davis v Arnette, 44 NY2d 877; Colon v Vincent, 49 AD2d 939, affd 41 NY2d 1084; Matter of Midgley v Smith, 63 AD2d 223; Furbush v Cleary, 59 AD2d 616.)
Hence, as petitioner was sentenced on March 30, 1978, to a one and one-half to three-year term, concurrent with the 1974 sentence; and as the 341 days had not been credited to a “previously imposed sentence”; indeed, as it was credited, mistakenly, only to a subsequently imposed sentence, the 341 days of local “jail time” should also be credited to the 1974 jail sentence which was made to run concurrently with the 1978 term of imprisonment.