OPINION OF THE COURT
Joseph J. Sedita, J.
This CPLR article 78 proceeding challenges respondent’s denial of petitioner’s request for jail time credit. The petitioner inmate seeks credit for time spent incarcerated in New York pending sentencing on convictions for New York crimes. Petitioner had been already serving time in North Carolina when he was transferred to New York for New York criminal proceedings. His New York sentences were ordered to run concurrently with his North Carolina sentence.
Subdivision 3 of section 70.30 of the Penal Law provides that generally jail time credit should be given for time spent in jail before sentence. This provision of the law comports with our basic sense of justice. If credit was not allowed for this time prior to sentence, the defendant would, in fact, be punished in excess of the sentence imposed on him or her. The statute, however, does not allow this credit if the defendant’s presentence incarceration was being credited against a previously imposed sentence. This exception makes excellent sense because in a case where *1058 the defendant is already serving a sentence, the period of incarceration prior to sentence on the later charges would be time served anyway. No injustice or additional period of imprisonment would result from failing to credit this time. The statutory language is clear and the denial of jail time credit, in situations such as this, has been upheld by the New York Court of Appeals (see Matter of Kalamis v Smith, 42 NY2d 191; Matter of Canada v McGinnis, 36 AD2d 830, affd 29 NY2d 853).
A unique question is presented, however, in that the prior sentence is a sentence of another State (North Carolina). Does this statutory exception denying jail time credit also apply to a previously imposed sentence of another State? We have found no case in point resolving this issue.
The essence of the rule, as noted above, is the avoidance of the injustice resulting from a greater total punishment (period of imprisonment) than that which was imposed by the court. Where the defendant is already serving a properly imposed criminal sentence, the failure to credit presentence jail time on the new conviction results in no new or additional period of incarceration beyond that imposed by the court. This rationale would not change because the sentence being served is on a conviction in another State. So long as the previous conviction would constitute a crime in New York and there has been, or is, no substantial basis for a challenge to that prior conviction and sentence, we can find no good basis for not applying this statute according to its clear and express terms.
The petitioner herein has not, in any way, questioned or challenged his prior conviction or sentence in North Carolina. The statute should be applied in this case according to its clear mandate.
In accord with the above analysis, this petition is denied.