OPINION OF THE COURT
Seymour Rotker, J.
Petitioner institutes this CPLR article 78 proceeding, in which his counsel joins, to have an additional 215 days of jail time credit applied to his sentences.
On August 19,1977 petitioner was arrested in New York County and on August 25, 1977 he was released from custody. On December 28, 1977 petitioner was arrested in Kings County and although bail was set, he remained in custody. On February 17,1978 petitioner was sentenced in New York County to 0 to 3 years of imprisonment and transferred to Elmira Correctional Facility on March 6, 1978. Petitioner’s maximum expiration date was set for December 26,1980. On July 14,1978 petitioner was transferred to Rikers Island for appearances of his pending Kings County criminal case. On October 13, 1978 he was sentenced in Kings County to a term of 0 to 5 years of imprisonment to run concurrently with his previous sentence. On October 19, 1978 petitioner returned to Elmira Correctional Facility to continue his previous sentence and to commence his new sentence.
Petitioner and his attorney now argue that petitioner should be credited with jail time for the period between the imposition of the first sentence (March 6, 1978) and the *840 imposition of the second sentence (Oct. 13, 1978). Petitioner should receive credit for the entire period of time that he was in custody prior to his second sentence since he was in constructive custody of the Kings County authorities.
There is no merit to petitioner’s argument.
Subdivision 3 of section 70.30 of the Penal Law provides, in pertinent part, that: “The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject.”
In this case, petitioner is being credited with the time from August 19,1977 to August 25,1977 and from December 28, 1977, which is when he was arrested and detained on the Kings County charge, to March 5, 1978. On March 6,1978, he was transferred to Elmira Correctional Facility to continue his sentence. He is not entitled to jail credit from March 6, 1978 to October 13, 1978 since he was serving a sentence at Elmira Correctional Facility based on the New York County criminal matter. Pursuant to the above statute, this time may not be credited against the term or maximum term of petitioner’s Kings County sentence. The prior sentence may not be credited toward or applied to the term of imprisonment subsequently imposed. Petitioner is not entitled to receive credit for jail time spent in custody between the date the first sentence commenced and the date the second sentence was imposed (Penal Law, § 70.30, subd 3; Matter of Kalamis v Smith, 42 NY2d 191).
Based on the foregoing, the petition is hereby dismissed and petitioner is remanded to the custody of respondents.