opinion of the court
W. Denis Donovan, J.
By notice of petition and petition, pursuant to CPLR article 78, the petitioner, who is currently incarcerated at Ossining Correctional Facility, seeks an order compelling respondent or more accurately, the Department of Correction, to credit his last imposed and therefore controlling sentence in New York County which was made to run concurrently with an earlier sentence of equal duration imposed in Bronx County, with the total period of time of some 4V2 months that lapsed between the two sentences upon the claim that the delay was the fault of State and local detention authorities.
It is this claim of faultful delay that raises an issue seemingly not previously addressed. The facts as asserted by petitioner though not made sufficiently explicit in this proceeding are not complicated. On September 8, 1982, petitioner was sentenced in Bronx County on drug and other convictions to a term of from two to four years’ imprisonment. Instead of transferring him to Rikers Island *1040 pursuant to a detention warrant that was or should have been lodged by New York County where he was purportedly due to be sentenced on October 6, 1982, on a felony weapon conviction, Bronx officials transferred him to the State’s Downstate Detention Center on September 20, 1982, thus formally commencing his State sentence. He was given all appropriate jail time and prereception credit against the Bronx sentence at that point. It is claimed that this transfer caused him to miss his October 6 sentencing date in New York County. He did somehow appear there on November 21, but sentencing was adjourned for one week purportedly since no Judge or lawyer was present and he was sent back to Downstate instead of being retained by New York County.
Petitioner contends that the dates as now established by the respondent based only on the Bronx County credits should be readjusted to credit him with the almost 4Vz months spent between initial transfer to Downstate and the New York County sentence, i.e., September 20,1982 to February 3, 1983, in view of the stated concurrency of the sentences and the State’s failure to produce him for sentencing in New York County on October 6,1982, by virtue of his transfer to Downstate and then to Attica despite his advice to them.
The Attorney-General in response on behalf of respondent simply relies on subdivision 3 of section 70.30 of the Penal Law and its interpretation in Matter of Kalamis v Smith (42 NY2d 191). He does not address the legal or factual issue of delay. It is true that under the interpretation of the section by the Court of Appeals in Kalamis and the two other matters therein considered, this petitioner’s argument would fail. However, neither Kalamis nor the associated matters and all the cases cited therein, addressed the issue of application of credit of local or State time already served to a later imposed concurrent sentence where it is claimed as here, that the local officials (Bronx County) and the State itself were responsible for the lengthy delay between the impositions of concurrent sentences. At least, no case is cited by either side nor has the court found any precise authority covering this situation.
*1041 There is, however, a line of cases from the Court of Appeals holding that a defendant is entitled to be promptly sentenced after conviction pursuant to the mandate of CPL 380.30 (subd 1) upon risk of complete loss of jurisdiction in extreme cases the caliber of which this clearly is not. The latest of these is People v Drake (61 NY2d 359, and the cases cited therein). The holdings in Drake and Kalamis (supra) read together compel the conclusion that where State or local authorities are responsible for an undue and unwarranted delay in concurrent sentences imposed at different times, the delay shall be credited against the later sentence if such is the controlling sentence and a prisoner’s expiration, parole and release dates adjusted accordingly.
Here petitioner claims a 4Vz month delay. However, as previously indicated, it is impossible for the court on these papers to pass upon the responsibility for the delay or various parts of the delay. For instance, some passage of time to allow for transportation between different jurisdictions imposing sentence is reasonable and necessary and does not result in any statutory or due process violation. Again, any delay caused by a prisoner due to illness, etc., or requested adjournments would not necessarily result in a credit to his favor against the later controlling sentence. In any event, an issue of fact is presented in this case and requires a hearing to determine the issue of chargeable delay during this 4Vz month period.
After a note of issue is filed without fee, the matter is to be calendared for a hearing in Part III-A of this court to resolve the issue. Present counsel in this proceeding is appointed to represent petitioner at such hearing. Pending same, petitioner shall remain at the place of his present confinement.