■ In the Matter of CHARLES THOMAS, Appellant, v CHARLES J. SCULLY, as Warden of New York State Department of Correctional Services, Respondent. — In a proceeding pursuant to CPLR article 78 to compel respondent to credit certain jail time against a sentence imposed against petitioner, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Delaney, J.) dated June 20, 1983, which dismissed the petition.

Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent indicated herein.

On November 18, 1973, petitioner was arrested on a charge of petit larceny. He was incarcerated until January 16, 1974, when he was released on his own recognizance pending trial. On March 11, 1974, petitioner was rearrested on a charge of robbery in the first degree and related crimes. Upon his rearrest, petitioner was also held on a warrant for the petit larceny charge. He was convicted of the petit larceny charge and was sentenced on November 19, 1974 to a definite term of one year's imprisonment. At that time, petitioner was given credit toward the sentence for the jail terms served from November 18, 1973 to January 16, 1974 and from March 11, 1974 to November 19, 1974.

Subsequently, petitioner was convicted on the robbery charge and was sentenced on April 30, 1976. He received credit for jail time against the robbery sentence from the date of completion of the petit larceny sentence to May 13, 1976, the date he was received in State prison. Petitioner commenced the instant

proceeding claiming that the jail time toward his robbery sentence should have started from March 11, 1974, the date he was arrested for the robbery. However, Special Term agreed with respondent that pursuant to subdivision 3 of section 70.30 of the Penal Law, the period from March 11, 1974 to November 19, 1974 was already credited toward the petit larceny sentence, a sentence "previously imposed", and thus was properly excluded as jail-time credit toward the robbery sentence. The petition was therefore dismissed.

We reverse. Had petitioner actually been serving his petit larceny sentence during the period in question the determination of Special Term would have been correct. The time served would have been part of a previously imposed sentence and would not have been creditable toward a second sentence (Penal Law, § 70.30, subd 3; *Matter of Kalamis v Smith,* 42 NY2d 191; *Matter of Canada v McGinnis,* 36 AD2d 830, affd 29 NY2d 853). However, in the case at bar, no sentence was in existence from March 11, 1974 to November 19, 1974. During that period, petitioner was being held in custody for both the petit larceny and the robbery charges before any sentence was imposed. The fact that that period was later credited to the petit larceny sentence, as jail time, before the robbery sentence was imposed, does not preclude a second jail-time credit against the robbery sentence. Since, during the period in question, petitioner was being held on charges which culminated in more than one sentence, the jail-time credit for that period should have been applied against each sentence (Penal Law, § 70.30, subd 3, par [a]; *Matter of Collins v Vincent,* 42 NY2d 191, 200-202; see, also, *Matter of Manning v Vincent,* 45 AD2d 1009, affd 37 NY2d 724; *People ex rel. Middleton v Zelker,* 42 AD2d 998, affd 36 NY2d 691).

For the reasons stated above, the judgment is reversed and the petition is granted to the extent that jail-time credit for the period from March 11, 1974 to November 19, 1974 shall be applied to petitioner's sentence on his robbery conviction. Thompson, J. P., O'Connor, Boyers and Lawrence, JJ., concur.