■ In the Matter of DAVID GANT, Respondent, v JOHN R. O'KEEFE, as Superintendent of Ogdensburg Correctional Facility, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered October 6, 1987 in St. Lawrence County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to credit petitioner with additional jail time to be deducted from his sentence.

This appeal involves the proper amount of jail time to be credited to petitioner, who had two sentences imposed at different times. Petitioner was arrested on September 26, 1984 and charged with the misdemeanor of criminal possession of

stolen property in the third degree. He pleaded guilty to the misdemeanor on December 12, 1985 and was sentenced to serve a definite sentence of one year in the New York City Correctional Institution. On May 16, 1986 petitioner was produced on a warrant for execution of the sentence for the misdemeanor. This sentence expired on July 17, 1986. On May 15, 1986, one day before commencement of the sentence for the misdemeanor, petitioner was arrested on a charge of attempted criminal possession of stolen property in the first degree, a felony. He pleaded guilty to this crime on January 14, 1987 and received a prison sentence of 1½ to 3 years. He was transferred to the State Department of Correctional Services to commence serving this sentence on February 18, 1987.

Upon his transfer to a State institution, petitioner was given 218 days of jail credit. One day was given for April 17, 1986. The record does not indicate why this day was given. One day was given for May 15, 1986, the day that petitioner was arrested for the felony charge and before he commenced serving the misdemeanor sentence. He was credited 216 days for the period from July 18, 1986 (the day his misdemeanor sentence was completed) until February 18, 1987 (the day he was transferred to a State institution).

Petitioner commenced the instant CPLR article 78 proceeding contending that he was entitled to an additional 63-day credit on his current felony sentence for the period starting May 16, 1986 (the day the misdemeanor sentence commenced) and ending July 17, 1986 (the last day of his misdemeanor sentence). Supreme Court granted the petition. Respondent appeals.

We reverse. When a defendant's custody on criminal charges culminates in multiple sentences, jail time may be applied against each sentence if they are concurrent *(see,* Penal Law § 70.30 [3]; *Matter of Kalamis v Smith,* 42 NY2d 191). Here, the sentences were not, as alleged by petitioner, concurrent. A sentence of imprisonment commences when the defendant is received at the appropriate State or county institution (Penal Law § 70.30 [1], [2]). Defendant's misdemeanor sentence commenced on May 16, 1986. After providing for jail credit time for the period between his arrest and sentencing on the misdemeanor charge, his misdemeanor sentence expired on July 17, 1986. Defendant did not plead guilty to the felony charge until January 1987 and his sentence commenced in February 1987. Since the misdemeanor sentence had expired well before defendant was sentenced for the felony conviction, the sentences were not concurrent. No

other ground has been asserted for crediting the time served during the misdemeanor sentence to the current felony sentence. We therefore conclude that Supreme Court erred in granting petitioner credit on his felony sentence for the time served in fulfillment of the previously imposed misdemeanor sentence.

Judgment reversed, on the law, without costs, and petition dismissed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.