■ EMEL MCDOWELL, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTIONS, Respondent. [903 NYS2d 398]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered January 9, 2009, denying the petition to annul respondent's determination that petitioner was not entitled to jail-time credit for the period from April 2, 1991 to June 27, 1991, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

On April 2, 1991, while in custody awaiting trial on a charge of second-degree murder, petitioner pleaded guilty to third-degree criminal possession of a weapon and received a sentence that he completed on June 27, 1991. Subsequently, petitioner was convicted, after a jury trial, of second-degree murder and received a sentence of from 22 years to life. Petitioner contends that respondent improperly determined the amount of time he spent in custody before he began serving the sentence for murder, i.e., the amount of time that must be credited against that sentence pursuant to Penal Law § 70.30 (3), by omitting the period from April 2, 1991 to June 27, 1991. However, the statute provides that the jail-time credit for a given charge "shall not include any time that is credited against the term or maximum term of any previously imposed sentence." Thus, in determining the amount of time petitioner was in custody before the murder sentence was commenced, respondent correctly excluded the period during which petitioner was serving the sentence that had been imposed for the weapon conviction (*see Matter of Kalamis v Smith*, 42 NY2d 191, 199-200 [1977]).

We have considered petitioner's remaining contentions and find them without merit. Concur—Saxe, J.P., Friedman, Nardelli, Moskowitz and Richter, JJ.