In the Matter of ROBERT WITTECK, Respondent, v SUPERINTENDENT OF WALLKILL CORRECTIONAL FACILITY et al., Appellants.

Third Department, January 4, 1979

**APPEARANCES OF COUNSEL**

*Louis J. Lefkowitz, Attorney-General (Frederick R. Walsh* and *Jean M. Coon* of counsel), for appellants.

*Joel P. Gorham* for respondent.

**OPINION OF THE COURT**

GREENBLOTT, J.

On February 6, 1973 petitioner was paroled after serving four years, nine months and 12 days of a 20-year definite term of imprisonment imposed by a Florida court. On January 28, 1976 petitioner was sentenced by the Nassau County Court to two indeterminate terms of imprisonment (6-12 years and 3½-7 years) following his conviction of attempted robbery in the second degree. The court ordered the sentences to run concurrently with each other and concurrently with the undischarged portion of the Florida sentence. Appellants contend that Special Term erred in crediting petitioner with the time he had served while imprisoned under the Florida sentence in computing petitioner's minimum parole eligibility date. We agree.

■ Subdivision 2-a of section 70.30 of the Penal Law is inapplicable to the case at bar. The section provides that a New York sentence shall be deemed to commence when the defendant is "returned" to the "custody" of the appropriate official of the other jurisdiction. A defendant out on parole remains in the legal custody of the Parole Board, but the custody is merely constructive (*People ex rel. Natoli v Lewis,* 287 NY 478, 482; *People v Santos,* 31 AD2d 508, 509, affd 25 NY2d 976, cert den 397 US 969). The section applies only when the defendant is in the *actual* custody of the other jurisdiction. By using the words "returned to the custody", the Legislature contemplated actual rather than constructive custody, for a defendant out on parole from another jurisdiction cannot be deemed to have been returned to its "custody". Contrary to the reasoning of the dissent, if a defendant is not returned to custody of the other jurisdiction, then he is not entitled to the benefits of this section.

■ Additionally, although section 70.30 (subd 1, par [a]) of the Penal Law provides for a credit where the sentences run concurrently, the credit is only available when the sentences are indeterminate. Since petitioner was subject to a definite Florida sentence and indeterminate New York sentences, he does not qualify for the credit afforded by section 70.30 (subd 1, par [a]) of the Penal Law.

■ Finally, even if we were to hold that section 70.30 is applicable to the petitioner, subdivision 4 of section 70.25 provides that multiple sentences of imprisonment "shall run either concurrently or consecutively *with respect to such undischarged term in such manner as the court directs at the time of sentence"* (emphasis supplied). At the time of petitioner's concurrent sentences in Nassau County, the trial court stated "[s]entences are concurrent and concurrent with any time owed to the State of Florida." Thus it was clearly the intent of the court to credit petition only with the undischarged portion of the Florida sentence, and not with that portion of the Florida sentence which petitioner had served prior to entering New York State. Thus, we reject petitioner's contention that he was entitled to credit, in fixing his minimum parole eligibility date, for the time he had served while in prison under the Florida sentence.

The judgment should be reversed, on the law and the facts, and the petition dismissed, without costs.

MAHONEY, P. J. (dissenting). I disagree with the majority's position that subdivision 2-a of section 70.30 of the Penal Law is inapplicable to the facts herein. The requirement of that section that service of a New York sentence commences when the defendant returns to the custody of the foreign jurisdiction relates solely to the situation where (1) the defendant is sentenced by a New York court, (2) that sentence is made concurrent to the undischarged portion of the prior sentence in the other jurisdiction, and (3) the defendant is returned to that jurisdiction to serve out prior sentence. Where (1), (2) and (3) are present the laws of the foreign State would determine the date of defendant's parole eligibility. However, where, as here, a defendant is sentenced by a New York court to a term concurrent with the undischarged portion of a sentence in another State, but defendant is incarcerated in New York, subdivision 2-a of section 70.30 operates to determine defendant's date of parole eligibility under New York law. In such case subdivision 2-a provides: "[t]he term or terms of such imprisonment shall be calculated and such other pertinent provisions of this section applied *in the same manner as where a person is under more than one sentence in this state as provided in this section*" (emphasis added). Clearly, the legislative intent in enacting section 70.30 (L 1975, ch 782), albeit inexactly expressed, was to fill what was perceived as a gap in the sentencing structure of this State. Prior to the statutory change service of a term of imprisonment imposed by a New York court could not run concurrently with an undischarged term in a correctional facility of the Federal Government or in a sister State. The change was not intended to apply solely to those situations where the defendant, after imposition of a concurrent sentence in this State, was returned to the physical custody of the other jurisdiction. Rather, the language of subdivision 2-a makes it unmistakably clear that the Legislature intended the procedure to be the same whether both sentences were imposed by New York courts or one was imposed in New York to run concurrently with the unexpired term of the other State. The majority's reliance on the technical meaning of the phrase "returned to custody" is relevant only if the sole construction of the subject statute requires physical custody of defendant by the foreign jurisdiction. Such a strict interpretation is unnecessary since a defendant on parole remains in the constructive custody of the facility from which he was released *(Matter of Menechino v Division of Parole, N. Y. City,* 32 AD2d 761, affd 26 NY2d 837).

I also disagree with the majority's view that defendant does not qualify for the credit afforded by section 70.30 (subd 1, par [a]) of the Penal Law since both the Florida and New York sentences were not indeterminate. The cited section relates solely to multiple sentences imposed by New York courts and has no application to the facts of this case. Where, as here, the prior undischarged sentence was imposed by another jurisdiction, subdivision 2-a of section 70.30 applies and the reference in subdivision 2-a is simply to *"[u]ndischarged imprisonment in another jurisdiction"* (emphasis added) and there is no express or implied distinction between "indeterminate" and "determinate" terms.

Subdivision 4 of section 70.25 of the Penal Law simply gives the court the authority to make a New York sentence concurrent with the undischarged portion of the prior sentence imposed by another jurisdiction. It was added by an amendment to treat prior undischarged terms of other jurisdictions the same as undischarged New York terms. It has nothing to do with calculation of minimum term for parole eligibility purposes. Moreover, subdivision 4 is similar to subdivision 1 of section 70.25 which authorizes the court to make a new sentence concurrent with the undischarged portion of a prior sentence imposed by a *New York* court, but neither the Department of Correction nor the courts have construed subdivision 1 as preventing credit for service under a prior New York term against the minimum of a new term for parole eligibility purposes.

The judgment should be affirmed.

STALEY, JR., MAIN and LARKIN, JJ., concur with GREENBLOTT, J.; MAHONEY, P. J., dissents and votes to affirm in an opinion.

Judgment reversed, on the law and the facts, and petition dismissed, without costs.