■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KEVIN DUNNE, Appellant, v EVERETT W. JONES, as Superintendent of the Great Meadow Correctional Facility, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered March 13, 1980 in Washington County, which dismissed relator's application for a writ of habeas corpus after a hearing. Petitioner's 1977 conviction for attempted sexual abuse was reversed and the indictment dismissed *(People v Dunne,* 74 AD2d 878). In this habeas corpus proceeding, petitioner contends that pursuant to the dismissal-acquittal paragraph of subdivision 3 of section 70.30 of the Penal Law, he is entitled to apply the time he spent in custody on the attempted sexual abuse charge as a credit against the weapon possession sentence he is now serving. We disagree. The dismissal-acquittal paragraph of subdivision 3 of section 70.30 provides: "In any case where a person has been in custody due to a charge that culminated in a dismissal or an acquittal, the amount of time that would have been credited against a sentence for such charge, had one been imposed, shall be credited against any sentence that is based on a charge for which a warrant or commitment was lodged *during the pendency of such custody.*" (Emphasis added.) On May 21, 1977, the date petitioner was convicted of the attempted sexual abuse charge, he was released on bail pending appeal. Petitioner was not arrested on the weapons charge for which he is currently imprisoned until June 18, 1977, well after he was released from custody on his attempted sexual abuse charge. As we recently explained, the term "custody" as used in section 70.30 refers to actual custody (see *Matter of Witteck v Superintendent of Wallkill Correctional Facility,* 65 AD2d 249, 251, affd 48 NY2d 858). Therefore, he is not entitled to the 127 days credit because the warrant for his 1978 conviction was not lodged "during the pendency of such custody [for his attempted sexual abuse charge]" (Penal Law, § 70.30, subd 3). The judgment should be affirmed. Judgment affirmed. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.