■ TIMOTHY J. HEALEY et al., Respondents, v ELIZABETH COHEN et al., Appellants. — Appeal from order of the Supreme Court, dated April 24, 1978, and entered in Nassau County, dismissed (see *Matter of Aho*, 39 NY2d 241, 248). Judgment of the same court, entered November 19, 1979, affirmed. No opinion. Respondents are awarded one bill of costs. Titone, J. P., Lazer, Gulotta and Margett, JJ., concur.

■ GARY HENDERSON, Appellant, v THEODORE REID, as Superintendent of the Fishkill Correctional Facility, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination as to the amount of time to be credited against a sentence imposed upon the petitioner on June 11, 1979 in Oneida County, he appeals from a judgment of Supreme Court, Dutchess County, dated December 26, 1979, which dismissed his petition. Judgment reversed, without costs or disbursements, petition reinstated and matter remanded to the Supreme Court, Dutchess County, for a hearing and a recomputation of credit in accord herewith. Petitioner is presently serving time in a State correctional facility under an Oneida County conviction. On February 26, 1979, while on bail from the Wallkill Correctional Facility where he was serving time under prior Delaware and Broome County convictions, he was arrested in Oneida County. Prior to his release on bail the Broome County conviction had been reversed and a new trial ordered. During the bail period, and prior to his Oneida County arrest, the Delaware County conviction was reversed and the indictment dismissed. On March 1, 1979, three days after the Oneida arrest, the Broome County charge was dismissed. Consequently, though on bail, he was in constructive custody of the law under the Broome County conviction at the time of his Oneida County arrest (see *Netograph Mfg. Co. v Scrugham*, 197 NY 377; *Matter of Orseck v Richards*, 260 App Div 613). The last sentence of subdivision 3 of section 70.30 of the Penal Law reads, in relevant part: "In any case where a person has been in custody due to a charge that culminated in a dismissal or an acquittal, the amount of time that would have been credited against a sentence for such charge, had one been imposed, shall be credited against any sentence that is based on a charge for which a warrant or commitment was lodged during the pendency of such custody." Petitioner, therefore, is entitled to credit against his Oneida County sentence for the period of time served on the Broome County conviction under which custody was still "pending" at the time of his Oneida County arrest. Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.