■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY MIRRA, Respondent, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Appellant. — Judgment unanimously affirmed. Memorandum: Having served 14 years of a maximum 24-year term on a Federal conviction, relator Mirra was released to Federal parole supervision on January 11, 1974. While on parole he was convicted in the State court of criminal sale of a controlled substance in the second degree and bail jumping in the first degree. On August 4, 1978, he was sentenced to a term of eight and one-third years to life on the narcotics conviction and one and one-half to three years for bail jumping, the sentences to run concurrently with each other and with the undischarged portion of his Federal term. On September 5, 1979 Mirra appeared before the Parole Board for his initial parole hearing and was denied parole. He appealed that decision to the appeals unit which reversed the board's decision on the grounds that he should have been given credit for the 14 years previously served on his Federal commitment in which case he had served the minimum term imposed on the State sentence. On June 12, 1980 Mirra was released to the custody of the Federal authorities, who had lodged a parole violation detainer against him. On October 21, 1980 the Executive Director of the Division of Parole informed the Department of Corrections and Mirra that the chairman had ruled that the Parole Board's determination had been in error, that it was a "nullity without force or effect" that Mirra's certification of eligibility for parole had been withdrawn and that a detainer warrant would issue. On January 13, 1981 Mirra was placed on parole by the Federal authorities and taken into custody by the State Department of Corrections on the detainer. Mirra then petitioned for a writ of habeas corpus and, after a hearing on the petition, Mirra was ordered to be released to parole supervision. The State appeals from that determination. The determination that Mirra was entitled to credit on his State sentence for the 14 years

previously served on his Federal commitment was erroneous. Subdivision 4 of section 70.25 of the Penal Law, which was specifically designed to encompass the circumstances presented here, provides, in pertinent part, as follows: "When a person, who is subject to any undischarged term of imprisonment imposed at a previous time by a court of another jurisdiction, is sentenced to an additional term or terms of imprisonment by a court of this state, the sentence or sentences imposed by the court of this state * * * shall run either concurrently or consecutively with respect to such undischarged term in such manner as the court directs at the time of sentence." The record clearly establishes that the sentencing court intended Mirra to serve at least eight and one-third years concurrent with the time remaining on his Federal sentence. Under the board's computation Mirra would have been eligible for parole immediately upon being sentenced. Unquestionably that was not intended by the sentencing court nor required by statute (see *Matter of Witteck v Superintendent of Wallkill Correctional Facility,* 65 AD2d 249, affd on opn below 48 NY2d 858). Respondent contends that regardless of whether there was an error in the computation of his minimum period of incarceration, he is entitled to be released under authority of *People ex rel. Spinks v Harris* (53 NY2d 784). We agree. When the error in the computation was discovered, the Chairman of the Board of Parole ruled that the action of the board was without force and effect and declared it a nullity. The Executive Director of the Division of Parole conveyed that determination to the Department of Corrections, ordered it to issue a detainer warrant and informed Mirra of the error in computation and the revocation of the earlier order. There is no basis for the exercise of that authority by the chairman. The power to grant and revoke parole and to modify a decision of the Board of Parole is vested in the board (Executive Law, § 259-c; 9 NYCRR 8000.4). Inasmuch as the order of the board authorizing relator's release was not modified or rescinded by the board, it was still in effect and the detainer issued for relator's continued incarceration was without authority *(People ex rel. Spinks v Harris, supra).* Accordingly, the application for a writ of habeas corpus was properly granted and relator should be released on parole. This determination is without prejudice to the commencement of such proceedings by the Board of Parole as it deems advisable. (Appeal from judgment of Wyoming Supreme Court, Conable, J. — habeas corpus.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Denman, JJ.