OPINION OF THE COURT
Eugene J. Berkowitz, J.
This is a CPLR article 78 proceeding to annul a determina *46 tion of respondent New York State Department of Correctional Services (herein DCS), dated September 9, 1985, denying petitioner’s application for a sentence credit pursuant to Penal Law § 70.30 (3) and to direct the granting of said credit.
On November 19, 1975, petitioner was convicted of robbery in the first degree in Supreme Court, Queens County, and sentenced to an indeterminate term of imprisonment of 5 to 15 years, which was reduced on appeal to 2 Vi to 7 Vi years. He had been incarcerated pending trial since his arrest on March 7, 1975. He was subsequently paroled on September 8, 1978, after having been incarcerated for a total of 3 years, 6 months and 1 day.
On August 28, 1980, while on parole, petitioner was arrested in Queens County and charged with sodomy in the first degree. He was incarcerated after his arrest and, subsequently, pleaded guilty as charged. On October 19, 1981, he was sentenced to an indeterminate prison term of 7 to 14 years as a second felony offender.
As a result of a holding by the United States Court of Appeals for the Second Circuit on April 1, 1985 that petitioner’s 1975 robbery conviction had been unconstitutionally obtained (Hawkins v LeFevre, 758 F2d 866), the indictment in the robbery charge was dismissed and the sentence vacated in Queens Supreme Court on May 1, 1985. Petitioner was then resentenced on the sodomy conviction as a first felony offender to an indeterminate term of 4 to 12 years.
By letters to the respondent DCS dated May 25, 1985 and August 16, 1985, petitioner’s attorney requested that the 3 Vi years for which petitioner had been incarcerated as a result of the subsequently dismissed robbery charge be credited, pursuant to Penal Law § 70.30 (3), against the 4- to 12-year prison term he is currently serving on the sodomy conviction. This request was denied by respondent DCS in a letter from its associate counsel dated September 9, 1985, and this proceeding followed.
In addition to its position that petitioner is not entitled to a sentence credit, respondent DCS also contends that venue must be changed to Albany County and that the robbery indictment was not dismissed.
As to the latter two arguments the court finds them to be without merit. Firstly, the petitioner demonstrated by an order dated May 22, 1985 that the indictment was in fact *47 dismissed. Secondly, the Attorney-General, counsel for the respondent DCS, omitted a relevant clause of the venue statute (CPLR 506 [b]) from its quotation thereof by use of an ellipsis. CPLR 506 (b) clearly permits the commencement of a proceeding against a body or officer not only in any county in the judicial district where the respondent made the determination complained of or where the principal office of the respondent is located, but also "where the material events otherwise took place”. This language authorizes the commencement of the proceeding in the county where the underlying events which gave rise to the official action complained of occurred. (Matter of Moors v Craig, 205 App Div 897; Matter of Browne v New York State Bd. of Parole, 25 Misc 2d 1050, affd 12 AD2d 800, revd on other grounds 10 NY2d 116.) The two sentences underlying the challenged determination, imposed upon petitioner in Queens County, "are so closely interwoven with said determination as to constitute 'material facts’ which 'otherwise took place’ ” within this county. (Matter of Browne v New York State Bd. of Parole, 10 NY2d 116, 122.)
Turning to the merits of petitioner’s application, the court finds that petitioner is not entitled to the relief sought. Penal Law § 70.30 (3) provides, in pertinent part:
"Jail time. The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence * * * The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject * * *
"In any case where a person has been in custody due to a charge that culminated in a dismissal or an acquittal, the amount of time that would have been credited against a sentence for such charge, had one been imposed, shall be credited against any sentence that is based on a charge for which a warrant or commitment was lodged during the pendency of such custody.” (Emphasis supplied.) Petitioner seeks a sentence credit pursuant to the last quoted paragraph. However, the clear language of the statute precludes its application to the facts herein. The statute contemplates a situation in which a party has been in custody in local detention facilities due to a charge but has not yet been *48 convicted or sentenced on that charge when a second charge is lodged against him. To come within the purview of the statute, the first charge must culminate in a dismissal or acquittal while the second charge results in conviction and imprisonment. Then, the credit which the party would have received for the time he has served on the first charge had he ultimately been convicted and sentenced to a term of imprisonment can be transferred and applied as a credit against the sentence resulting from the second charge. In Matter of Kalamis v Smith (42 NY2d 191, 197) the Court of Appeals stated that: "The primary purpose of the statute is to give a person convicted of a crime, credit for the time he has spent in a local custody awaiting disposition of the charge. It is also intended to give him credit for the time spent in a local facility after pronouncement of sentence, since an indeterminate sentence does not formally commence until the person is received at a State institution (Penal Law § 70.30, subd 1), and a definite sentence does not formally commence until he is received at the institution named in the commitment (Penal Law § 70.30, subd 2). As a general rule then a person who has been held in local custody, on a certain charge, prior to the formal commencement of his sentence on that charge, is entitled to credit the time previously spent in the local facility before and after sentence was pronounced. However, even though a person has been held in local custody on a certain charge, he is not entitled to have the time credited against the sentence imposed on that charge if it has already been credited to a 'previously imposed sentence.’ ” In the case at bar, petitioner had been convicted, sentenced and served time on the first charge prior to his arrest on the second charge. There was no sentence left to be imposed on the first charge on which he would have been entitled to a credit but for the dismissal of the charge.
Assuming, arguendo, as petitioner would have this court do, that while on parole he was in "constructive custody” at the time of his arrest on the sodomy charge this court would still reject his claim for credit for the full 3Vi years he was incarcerated on the robbery case in addition to the 257 days that preceded the imposition of his robbery sentence.
Under the holding in Matter of Canada v McGinnis (36 AD2d 830, affd 29 NY2d 853), all the time spent in custody after November 19, 1975 cannot be credited as jail time against the second sentence because during that period petitioner was actually serving the first sentence. Any time spent *49 in custody prior to said sentence (257 days from Mar. 7, 1975 to Nov. 19, 1975) would have already been credited to the first sentence and the second sentence was not concurrent with the first. The case of Henderson v Reid (79 AD2d 1019), relied upon by petitioner, is distinguishable from the instant case. In Henderson (supra), the petitioner had been released on bail pending a new trial following the reversal of a conviction for which he had been serving time. While on bail, he was arrested on another charge. The petitioner there could have been convicted at the new trial and resentenced on the original charge. He would have been entitled to a credit for the time he had already served on the original conviction against the sentence imposed after the new trial. Instead, the first charge was dismissed after his arrest on the second charge. He was subsequently convicted and sentenced on the second charge. The court in Henderson (supra) found that the petitioner was entitled to a credit against the sentence imposed on the second charge for the amount of time that would have been credited against a sentence for the first charge, had one been imposed after the new trial. The fact that a new trial was pending at the time of his arrest on the second charge placed the petitioner in Henderson (supra) within the scope of Penal Law § 70.30 (3). As previously indicated, petitioner herein was on parole when he was arrested on the second charge and was not at that time subject to a new trial or the imposition of a sentence on the first charge. Thus, petitioner herein is not entitled to a sentence credit pursuant to subdivision (3). (See, People ex rel. Dunne v Jones, 77 AD2d 729.)
The court acknowledges the inequity of a party having been imprisoned for any period of time due to a charge which is later dismissed. However, the court cannot interpret a statute contrary to its apparent meaning to provide a party with a remedy not intended by the Legislature. It is the opinion of this court that the "dismissal” contemplated by this statute pertains to the dismissal of the matter prior to the imposition of any sentence as contrasted with a dismissal after appeal. To allow any other interpretation would be to give carte blanche to a defendant to accumulate jail time for crimes as yet uncommitted.
Finally, the court notes that, according to the papers submitted herein, petitioner has sought redress for this wrong pursuant to the Unjust Conviction and Imprisonment Act of 1984.
*50 Accordingly, the petition is denied and the proceeding is dismissed.