THE PEOPLE OF THE STATE OF NEW YORK ex rel. JERRY LEE KNOX, Appellant, v WALTER R. KELLY, as Superintendent, Attica Correctional Facility, et al., Respondents.

Fourth Department, April 3, 1987

**APPEARANCES OF COUNSEL**

*Prisoners Legal Services of New York (Ellen Yacknin* of counsel), for appellant.

*Robert Abrams, Attorney-General (Gail Mitchell* of counsel), for respondent.

### OPINION OF THE COURT

BOOMER, J.

Relator appeals from an order dismissing his petition for a writ of habeas corpus. His petition alleges that his sentences have been satisfied by jail time credit, which respondent improperly refused to grant. Relator argues that, under Penal Law § 70.30 (3), he should have been granted credit against his recent sentences for the time he served both in prison and on parole following his conviction on a prior charge that was ultimately dismissed. We disagree. We hold that a person may be granted jail time credit under the last paragraph of Penal Law § 70.30 (3) for time served on charges that culminate in a dismissal or an acquittal only for time spent in confinement prior to the commencement of the sentence imposed on such charges, and only against a sentence based on charges that have been lodged when the person is in such confinement.

Relator was charged in 1976 with robbery in the first degree, and upon conviction he was sentenced to prison for a maximum term of 15 years. In December 1980, he was released on parole. On July 23, 1983, while on parole, he was arrested on charges of burglary. On July 28, 1983, a detainer warrant was lodged against him for violation of parole. In June 1984, he was released on bail on the 1983 charge of burglary. In August 1984, on a CPL article 440 motion, the 1976 conviction of robbery was vacated and a new trial was ordered. On December 6, 1984, relator was rearrested on a Bench warrant in connection with the 1983 charge of burglary, and on December 14, 1984, while he was in jail awaiting trial on the burglary charge, he was charged with assault in the first degree. In January 1985, relator entered pleas of guilty to the charges of burglary and assault in full satisfaction of those charges and of the 1975 charge of robbery in the first degree.

Relator claims "jail time" credit pursuant to Penal Law § 70.30 (3) for the time he served in jail as well as in prison on the 1975 robbery charge and for the time he spent thereafter on parole and in jail until those charges were dismissed when he pleaded to the charges of burglary and assault. The last paragraph of Penal Law § 70.30 (3) provides: "In any case where a person has been in custody due to a charge that

culminated in a dismissal or an acquittal, the amount of time that would have been credited against a sentence for such charge, had one been imposed, shall be credited against any sentence that is based on a charge for which a warrant or commitment was lodged during the pendency of such custody."

Relator is not entitled to credit for time served on the 1975 charge because the later charges were not lodged during the pendency of "custody" on the 1975 charge. When the July 1983 charge of burglary was lodged, relator was no longer in custody on the 1975 charge; he had been released on parole. Nor was he in custody on the 1975 charge when the charge of assault was lodged in 1984. By that time, the conviction on the 1975 charge had been vacated on a CPL article 440 motion and there was then no basis for holding relator on a parole detainer warrant based on that conviction.

Relator argues that he is entitled to receive credit under the last paragraph of Penal Law § 70.30 (3) even though he was not in actual custody on the 1975 charge when the later charges were lodged. Citing *Henderson v Reid* (79 AD2d 1019), he contends that he was in "constructive custody" of the parole authorities when he was arrested on the 1983 charge of burglary, and therefore he was in "custody" within the meaning of the statute. We disagree with the *Henderson* court and we agree with the Third Department that "the term 'custody', as used in section 70.30 refers to actual custody" *(People ex rel. Dunne v Jones,* 77 AD2d 729).

The legislative history of section 70.30 shows that the word "custody" was meant to refer to "confinement" or "detention" and not to "constructive custody" such as release on parole or on bail. Former Penal Law § 2193 (1) referred specifically to "confinement" or "time spent" in certain named institutions. According to the Commission Staff Notes on the Proposed New York Penal Law, only "certain minor changes" in existing law were contemplated. "The new provision", the Staff wrote, "eliminates the enumeration of institutions contained in the existing statute (Penal Law § 2193 subd. 1) and makes it clear that 'jail time' includes time spent in 'custody' no matter where the time was spent. This means that the defendant will get credit for time spent, under arrest, in a police station or state police barracks." (Proposed Penal Law § 30.30 [3], renum and added as § 70.30 [3] by L 1965, ch 1030, Commission Staff Notes, at 297 [1964].) In its survey of the sentencing structure as of 1963, attached as Appendix A to its

Notes, the Staff commented that "[c]onfinement does not actually have to be in a real jail. The word jail has been construed to mean any place where a prisoner happens to be, if the prisoner is under arrest. Thus, it may be confinement en route from another jurisdiction or confinement under police surveillance in a hospital that has no prison ward." *(Id.,* at A-13—A-14, n 17.) It is apparent, therefore, that the Commission, in changing the language from "confinement" and "time spent" to "custody", meant to make only "minor changes" so that jail time would not be limited to time spent in the named institutions but would include confinement under guard, before commencement of the sentence, no matter where that confinement may be. The Commission did not intend to make a major change to allow credit for time served in "constructive custody" where there is no confinement.

The following Staff comment upon the last paragraph of subdivision (3) indicates that the Commission intended that the word "custody", as used in that paragraph, be equivalent to "detention", and that it did not intend to allow credit for time spent in "constructive custody": "The proposed statute also grants jail time credit in a third situation where it presently would not be allowed. This involves a case where a defendant is arrested for crime A and while he is under *detention* for that crime a warrant or commitment is lodged for crime B. Under existing law, if the defendant is acquitted of crime A and then convicted of crime B he will get no *jail time* credit against the crime B sentence for any time spent in *detention* prior to the acquittal. (In practice, the credit is sometimes allowed from the date the crime B warrant or commitment is lodged.) If he is convicted and sentenced for crime B prior to the acquittal on crime A and was held in the same *detention* facility during all of that time he might get no *jail time credit* at all. (Here, again, he might be credited with *jail time* from the date the crime B warrant or commitment was lodged.) Under the proposed statute the *jail time* that would have been credited against the crime A sentence will be credited against the crime B sentence." *(Id.,* at 297-298; emphasis added.)

Not only does this comment indicate that the Commission intended to use the word "custody" as equivalent to the word "detention", but it also indicates that the Commission intended that the last paragraph of subdivision (3) be read in conjunction with the preceding parts of the subdivision. The words "jail time credit", used in the comment, refer to the

first part of subdivision (3) where the credit is defined as "the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence." Thus, "jail time" includes time spent in custody prior to the time the person is received in a State prison and begins to serve his sentence, and excludes time served after a sentence has begun.

In our view, *Henderson v Reid* (79 AD2d 1019, *supra)* was wrongly decided insofar as it held that the word "custody", in subdivision (3) of section 70.30, includes "constructive custody" while on bail. The cases cited by the *Henderson* court *(Netograph Mfg. Co. v Scrugham,* 197 NY 377; *Matter of Orseck v Richards,* 260 App Div 613) do not support its holding. In *Netograph,* the Court of Appeals decided that a defendant who returned to this State for his criminal trial was not exempt from service of process in a civil action because at the time of the service he was on bail and thus, was "constructively in the custody of the law" *(supra,* at 382). The obvious reason for the rule shielding out-of-State residents from service of process when they come into the State to appear in a court proceeding "is to encourage voluntary attendance upon courts and to expedite the administration of justice" *(supra,* at 380). That reason fails, the court stated, when defendant has been released on bail for "[h]e comes because he cannot do otherwise" *(supra,* at 380). In *Matter of Orseck v Richards (supra),* the court held that the Justice Court did not lose jurisdiction over a defendant when it adjourned the matter without date. The court reasoned that because defendant had been released on bail he was "in constructive custody of the law" *(supra,* at 614). These cases indicate that for certain purposes a person on bail may be considered to be in "constructive custody"; they do not hold that the term "custody", as used in the statute granting jail time credit, can be construed to include "constructive custody". Since the legislative history shows otherwise, we reject the holding in *Henderson v Reid* (79 AD2d 1019, *supra)* and rely upon *People ex rel. Dunne v Jones* (77 AD2d 729, *supra; see also, Matter of Hawkins v Coughlin,* 132 Misc 2d 45).

Accordingly, defendant is not entitled to the "jail time" credit he claims and the judgment dismissing his petition for a writ of habeas corpus should be affirmed.

DENMAN, J. P., PINE, BALIO and DAVIS, JJ., concur.

Judgment unanimously affirmed.