In the Matter of JOSEPH HAWKINS, Also Known as JOSEPH DAVIS, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents.

Second Department, December 28, 1987

## APPEARANCES OF COUNSEL

*Philip L. Weinstein (Lynn W. L. Fahey* of counsel), for appellant.

*Robert Abrams, Attorney-General (Gerald J. Ryan* and *Burton Herman* of counsel), for State respondents.

*Peter L. Zimroth, Corporation Counsel (Leonard Koerner* and *Pamela Seider Dolgow* of counsel), for New York City respondents.

### OPINION OF THE COURT

SULLIVAN, J.

On this appeal we are called upon to determine whether a parolee is in custody so as to trigger the ameliorative provisions of the last paragraph of Penal Law § 70.30 (3). We hold that this paragraph is only applicable when a defendant is in actual custody. Accordingly, the Supreme Court, Queens County, properly dismissed the proceeding (132 Misc 2d 45). To the extent that our prior decision in *Henderson v Reid* (79 AD2d 1019) would indicate otherwise, we decline to follow it.

The facts in this case are set forth in the dissenting opinion. The pertinent portion of Penal Law § 70.30 (3), which is entitled "Jail time", states: "In any case where a person has been in custody due to a charge that culminated in a dismissal or an acquittal, the amount of time that would have been credited against a sentence for such charge, had one been imposed, shall be credited against any sentence that is based on a charge for which a *warrant of commitment was lodged during the pendency of such custody*" (emphasis added).

In *Matter of Kalamis v Smith* (42 NY2d 191, 197), Judge Wachtler, writing for a unanimous court, stated: "The primary purpose of the statute is to give a person convicted of a crime, credit for the time he has spent in local custody awaiting disposition of the charge * * * As a general rule then a person who has been *held* in local custody, on a certain charge, prior to the formal commencement of his sentence on that charge, is entitled to credit the *time previously spent in the local facility* before and after sentence was pronounced" (emphasis added).

It is clear from a reading of these cases that a defendant is entitled to "jail time" credit only for the time spent in confinement in a local facility, i.e., that the custody referred to in Penal Law § 70.30 means actual custody. It follows therefore, that a defendant who is not in actual custody awaiting disposition of the charge, e.g., on bail or released on his own recognizance, is not entitled to credit for jail time for the time not in actual custody.

The argument of the dissenters that custody includes constructive custody, such as bail or parole, was put forth in the dissent of Presiding Justice Mahoney of the Appellate Division, Third Department, in *Matter of Witteck v Superintendent* (65 AD2d 249, affd 48 NY2d 858), which construed Penal Law § 70.30 (2-a). This view was rejected by the Court of Appeals *(see, Matter of Witteck v Superintendent,* 48 NY2d 858, *supra)* which affirmed on the opinion of Justice Greenblott, writing for the majority of the Appellate Division, that custody meant *"actual* custody" and not constructive custody *(Matter of Witteck v Superintendent,* 65 AD2d 249, 251, *supra).* Thereafter, in *People ex rel. Dunne v Jones* (77 AD2d 729), the Third Department refused to give jail time credit to a defendant who was released on bail pending appeal from a conviction for attempted sexual abuse and while on bail was arrested on a new charge of possession of a weapon. The court held that the term custody used throughout Penal Law § 70.30 meant "actual custody", citing *Matter of Witteck v Superintendent (supra; see also,* McKinney's Cons Laws of NY, Book 1, Statutes § 236).

Our prior decision in *Henderson v Reid (supra)* appears to be the only case that construes the term custody in Penal Law § 70.30 (3) to include constructive custody so as to give jail time credit to a defendant who is on bail or parole when arrested for a new crime. As pointed out by Justice Boomer of the Appellate Division, Fourth Department, in *People ex rel. Knox v Kelly* (126 AD2d 318, *appeal dismissed* 70 NY2d 870), the decision in *Henderson* was based upon two cases that are inapposite. *Netograph Mfg. Co. v Scrugham* (197 NY 377), holds that a nonresident defendant who is on bail is not exempt from service of process in a civil action when he returns to the State for trial. While such an exemption would normally apply to a nonresident who voluntarily enters the State to testify, the defendant in *Netograph (supra,* at 381) was held to be "constructively in the custody of the law". Similarly, *Matter of Orseck v Richards* (260 App Div 613, 614), held that a Justice Court that adjourns a matter without date does not lose jurisdiction over a defendant released on bail, and so for certain purposes and for those purposes only, a person on bail or parole may be considered in constructive custody. Similarly, *People ex rel. Natoli v Lewis* (287 NY 478) and *People v Santos* (31 AD2d 508, *affd* 25 NY2d 976, *cert denied* 397 US 969) simply hold that parolees are in constructive custody for the purposes of determining the reasonable-

ness under the Fourth Amendment of a warrantless search.* However, in *People ex rel. Wilder v Markley* (26 NY2d 648, *rearg denied* 27 NY2d 737), it was held that a parolee is not in custody so as to entitle him to a writ of habeas corpus.

Neither the legislative history of Penal Law § 70.30 (3) as set forth in *People ex rel. Knox v Kelly (supra)*, nor any of the other cases construing Penal Law § 70.30, nor the cases cited within the decision itself, support the position in *Henderson (supra)* that someone who is on bail or parole is in custody within the meaning of Penal Law § 70.30 (3). An examination of all these authorities as well as logic lead inexorably to the conclusion that this section only applies to a defendant who is in actual custody. Since the petitioner was on parole and not in actual custody at the time he was arrested for sodomy in the first degree, he is not entitled to any jail time credit for time spent in confinement prior to the date of his arrest on that charge.

Accordingly, the judgment dismissing the petition should be affirmed.

MANGANO, J. P. (concurring). I join in the majority opinion of Justice Sullivan, and like the late Justice Robert Jackson of the United States Supreme Court, abandon my contrary views in *Henderson v Reid* (79 AD2d 1019), in favor of a more cogent position *(see, McGrath v Kristensen,* 340 US 162, 178 [Jackson, J., concurring]).

HARWOOD, J. (dissenting). We are called upon to review the

---

* We disagree with the claim in the dissent that *People ex rel. Middleton v Zelker* (42 AD2d 998, *affd* 36 NY2d 691), *Matter of Kalamis v Smith* (42 NY2d 191), and *Matter of Peterson v New York State Dept. of Correctional Servs.* (100 AD2d 73) apply a constructive custody concept to Penal Law § 70.30 (3). In each of these cases, the defendant was in *actual* custody in a local facility when a warrant or detainer was lodged by another jurisdiction. In *Middleton,* while the defendant was actually confined in Kings County, a warrant issued by Westchester County was filed against him for an unrelated crime. He pleaded guilty in Kings County and was thereafter returned to Westchester where he again pleaded guilty and was sentenced. He was thereafter returned to Kings County for sentence. This court held that the defendant was entitled to jail time credit against his Westchester sentence for the time he spent in custody in Kings County from the date of the filing of the Westchester warrant until his physical return to Westchester County since, although in actual custody of Kings County, he was within the constructive custody of Westchester County by virtue of the warrant. Both *Kalamis* and *Peterson* have similar fact patterns. These cases do not support the proposition that someone on bail or parole is in custody within the meaning of Penal Law § 70.30 (3).

denial to the petitioner of credit, against a sentence imposed on October 19, 1981, with local jail and State prison time originally credited against a sentence imposed pursuant to an earlier but subsequently vacated conviction, the underlying charge of which culminated in dismissal. In this context, we have reexamined our holding in *Henderson v Reid* (79 AD2d 1019). We reaffirm that decision and respectfully disagree with our colleagues in the majority and with the contrary determinations of the Appellate Divisions of the Third and Fourth Departments *(People ex rel. Dunne v Jones*, 77 AD2d 729; *People ex rel. Knox v Kelly*, 126 AD2d 318, *appeal dismissed* 70 NY2d 870).

In November 1975, the petitioner was convicted of robbery in the first degree after a nonjury trial conducted in the Supreme Court, Queens County. His sentence of 5 to 15 years' imprisonment was reduced to 2½ to 7½ years, but the judgment was otherwise affirmed by this court *(People v Hawkins*, 63 AD2d 719). Leave to appeal was denied by the Court of Appeals *(People v Hawkins*, 45 NY2d 780). In 1978, the petitioner was paroled after having been incarcerated for a total of 3 years, 6 months and 1 day. 257 days of that period represented the petitioner's presentence incarceration credited against the 2½- to 7½-year sentence *(see*, Penal Law § 70.30 [3]).

In August 1980 while on parole from the 1975 robbery conviction, the petitioner was arrested in Queens County and charged with sodomy in the first degree. He has apparently been incarcerated since that time.[1] In July 1981, the petitioner brought a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York, asserting that the proof upon which the 1975 robbery conviction was premised did not establish his guilt beyond a reasonable doubt and that the Trial Judge in that case had drawn impermissible inferences from the petitioner's postarrest silence. On October 19, 1981, the petitioner pleaded guilty to the sodomy charge and was sentenced as a second felony offender to a term of 7 to 14 years' imprisonment.

On March 31, 1982, the petitioner's Federal petition for a

---

1. How the period of the petitioner's incarceration since August 1980 has been or is to be credited is not at issue. There is no indication, however, that service of the robbery sentence was "interrupted" because of a declaration of delinquency *(see*, Penal Law § 70.40 [1], [3]). We note that the petitioner does not seek credit for the "street time" between his 1978 release on parole and his 1980 arrest.

writ of habeas corpus was denied for failure to exhaust State remedies. In 1983, the United States Court of Appeals for the Second Circuit reversed the District Court's determination that the petitioner, in challenging the 1975 robbery conviction, had failed to exhaust his State remedies, and remitted the case for a consideration of the merits *(Hawkins v West, 706 F2d 437)*. The petition was again denied, but on April 1, 1985, the Second Circuit reversed and again remitted the case to the District Court, this time with instructions to issue the writ of habeas corpus unless within 30 days "the State move[d] to resentence [petitioner] as a first-time felony offender" *(Hawkins v LeFevre, 758 F2d 866, 879)*. Although the Second Circuit focused primarily on the Trial Judge's violation of the petitioner's constitutional rights by holding his postarrest silence against him, it did so against the backdrop of the "scant indicia of guilt" *(Hawkins v LeFevre, supra,* at 871).[2] As of April 1985, the petitioner had already completed service of the sentence imposed pursuant to the unconstitutionally obtained robbery conviction.

By order dated May 22, 1985, the Supreme Court, Queens County (Brennan, J.), formally vacated the robbery conviction and sentence, dismissed the robbery indictment and resentenced the petitioner upon his conviction of sodomy in the first degree as a first felony offender to 4- to 12-years imprisonment. The petitioner thereafter sought but was denied credit against the 4- to 12-year sentence for the 3½-year-plus-1-day period he was incarcerated solely on account of his invalid conviction of robbery in the first degree. His claim for credit was and is premised on the final, single-sentence paragraph of Penal Law § 70.30 (3) which section governs "Calculation of terms of imprisonment". The provision upon which the petitioner relies, new to the Penal Law when it was revised in

---

**2.** The two robbery victims described one of their two assailants, allegedly the petitioner, as shorter than the other (5 feet 1 inch to 5 feet 5 inches tall), very young (about 20 years old), with no facial scars. The petitioner is 5 feet 7 inches tall, was then 38 years old and has a 6-inch scar on his forehead. He also has a smaller scar on his cheek *(Hawkins v LeFevre, 758 F2d 866)*. One of the victims testified at the petitioner's trial that it was "possible" but he was not "sure" that petitioner was one of the robbers; the other testified she was "quite sure" the petitioner was not one of the robbers. A security officer who claimed he observed the robbery testified he caught a "glimpse" of the shorter robber's face as the two fled, and identified the petitioner as that shorter robber. However, documentary evidence presented by the defense demonstrated this witness could not possibly have seen the robbery from where he claimed he stood.

1965 (L 1965, ch 1030, eff. Sept. 1, 1967) and included with other provisions for credit under the heading "Jail time", provides that: "In any case where a person has been in custody due to a charge that culminated in a dismissal or an acquittal, the amount of time that would have been credited against a sentence for such charge, had one been imposed, shall be credited against any sentence that is based on a charge for which a warrant of commitment was lodged during the pendency of such custody".

In *Henderson v Reid* (79 AD2d 1019, *supra*), the petitioner Henderson was released on bail following reversal of a Broome County conviction and the ordering of a new trial. While on bail, he was arrested for an offense committed in Oneida County. Three days later, the Broome County charge was dismissed. The petitioner Henderson was thereafter convicted and sentenced on account of the charge lodged in Oneida County. In reversing the judgment dismissing the proceeding brought pursuant to CPLR article 78, and making no distinction between time served before and after formal commencement of his Broome County sentence *(see,* Penal Law § 70.30 [1], [3]), this court held that, though on bail, the petitioner Henderson was in the constructive custody of the law under the Broome County charge when the Oneida County charge was lodged. We concluded he was therefore entitled to credit pursuant to the final one-sentence paragraph of Penal Law § 70.30 (3) against his Oneida County sentence for the period of time served on the Broome County conviction.

Notwithstanding that our decision in *Henderson v Reid (supra)* is here controlling *(see, Mountain View Coach Lines v Storms,* 102 AD2d 663), the Supreme Court, Queens County (Berkowitz, J.), dismissed the instant proceeding challenging the respondents' denial of credit to the petitioner for any of the time he was incarcerated on account of his unconstitutionally obtained conviction (132 Misc 2d 45). It in effect determined that the credit required by the final paragraph of Penal Law § 70.30 (3) applies only if a person is actually "in jail" on account of the charge ultimately dismissed when a second charge is lodged and only if dismissal of the first charge occurs prior to the imposition of a sentence on it. By way of dicta, it also determined that even if "constructive custody" were sufficient to trigger application of the final paragraph of Penal Law § 70.30 (3), the petitioner would be entitled to only a

partial credit, apparently for the 257 days of "jail time" served prior to the invalid judgment of conviction.

In *People ex rel. Dunne v Jones* (77 AD2d 729, *supra*), the Appellate Division, Third Department, affirmed a judgment dismissing a proceeding pursuant to CPLR article 78 which presented facts similar to those extant in *Henderson v Reid (supra)*. It determined that "actual" rather than "constructive" custody was required in order to trigger the final paragraph of Penal Law § 70.30 (3). A like conclusion was reached by the Appellate Division, Fourth Department, in *People ex rel. Knox v Kelly* (126 AD2d 318, *supra*), although there, the "dismissal" which followed vacatur of a conviction was in satisfaction of a plea of guilty to other charges *(cf., Matter of Jeffrey v Ward,* 44 NY2d 812). The Fourth Department also held in dicta that where the final paragraph of Penal Law § 70.30 (3) does apply, a person may be granted credit only for time spent in confinement prior to commencement of the sentence ultimately vacated.

There is sound reason for requiring that a person be within the custody of the law, albeit erroneously, when the new charge is lodged, before he or she will be allowed credit against another sentence. Without that requirement, a person could "bank" time *(see, McGinnis v United States ex rel. Pollack,* 452 F2d 833, 836, *cert denied* 406 US 905).[3] But public policy does not require and we do not believe the Legislature intended that the final paragraph of Penal Law § 70.30 (3) have the limited application ascribed to it by our colleagues in the majority and in the Third and Fourth Departments *(cf.,* Penal Law § 5.00).

We concede that the primary purpose of Penal Law § 70.30 (3) is to afford a person convicted of a crime credit for time

---

3. Although the Supreme Court recognized the inequity of imprisoning a person on account of the charge later dismissed, it reasoned that the "'dismissal' contemplated by this statute pertains to the dismissal of the matter *prior* to the imposition of any sentence as contrasted with a dismissal after appeal. To allow any other interpretation would be to give carte blanche to a defendant to accumulate jail time for crimes as yet uncommitted" *(Matter of Hawkins v Coughlin,* 132 Misc 2d 45, 49). Such reasoning, however, assumes an ability on the part of all persons in custody of the law, but not physically confined, to foretell that the charge on which that custody is premised will culminate in dismissal and to commit new crimes in reliance thereon. It also appears to assume either that persons in jail awaiting trial do not commit crimes or that, if they do, they are more worthy of the credit the Supreme Court would deny to persons who are wrongly convicted.

spent in local custody awaiting disposition of the charge and formal commencement of sentence *(Matter of Kalamis v Smith,* 42 NY2d 191). It has been determined that "actual custody" was intended by the Legislature when it separately enacted Penal Law § 70.30 (2-a) *(see, Matter of Witteck v Superintendent,* 65 AD2d 249, *affd* 48 NY2d 858). However, that subdivision, added in 1975 (L 1975, ch 782), concerns undischarged terms of imprisonment in other jurisdictions, and provides that a New York sentence which is to be concurrent with an undischarged term previously imposed by another jurisdiction begins to run when the person "is returned to the custody of the appropriate official of such other jurisdiction" (Penal Law § 70.30 [2-a]). In addition to the virtual equation of parole with "custody" in other contexts *(see, e.g., People ex rel. Natoli v Lewis,* 287 NY 478; *People v Santos,* 31 AD2d 508, 509, *affd* 25 NY2d 976, *cert denied* 397 US 969), the concept of "constructive custody" has been utilized to afford prisoners credit pursuant to the first paragraph of Penal Law § 70.30 (3) *(see, People ex rel. Middleton v Zelker,* 42 AD2d 998, *affd* 36 NY2d 691; *see also, Matter of Kalamis v Smith, supra; cf., Matter of Peterson v New York State Dept. of Correctional Servs.,* 100 AD2d 73). There is nothing in the scant legislative history pertaining to the final paragraph of Penal Law § 70.30 (3)[4] which suggests the Legislature intended that "constructive custody" could be utilized to afford credit against sentences where a person is lawfully convicted *(cf., Matter of Gonzalez v Kearney,* 62 AD2d 345; *People ex rel. Middleton v Zelker,* 42 AD2d 998, *supra;* Penal Law § 5.00) but not in the more compelling circumstances where custody is invalidly imposed.

We do not accept the apparently alternate view that the time served by the petitioner in prison pursuant to his robbery conviction cannot, in effect, be "reused" as a credit against the sodomy conviction because it was already credited

---

4. In our opinion, reliance by the Fourth Department on Commission Staff Notes on the Penal Law as proposed in 1965 to arrive at the conclusion that "custody" as used in the last paragraph of Penal Law § 70.30 (3) means only actual confinement is misplaced. The Commission Staff Notes focus almost exclusively on certain "minor changes" in former Penal Law § 2193 (1), which became the first paragraph, and its subparagraphs, reflecting the "primary purpose" of the statute *(see, Matter of Kalamis v Smith,* 42 NY2d 191, 197). Only by way of example does the Commission mention the addition to the Penal Law of an allowance for credit in the dismissed-acquittal situation where none was previously allowed. The example used was obviously intended not to be all-encompassing for it speaks only of acquittal.

against the robbery conviction *(see, Matter of Kalamis v Smith, supra; see also, Matter of Canada v McGinnis,* 36 AD2d 830, *affd* 29 NY2d 853).[5] Nor do we agree with the Fourth Department's view *(see, People ex rel. Knox v Kelly, supra)* that where Penal Law § 70.30 (3) applies, the Legislature intended credit only for so much of the incarceration as was spent in a local jail. Both views ignore the fact that once a sentence is vacated, all time, whether served in a local jail or in a State prison, effectively becomes "presentence" time *(cf.,* Penal Law § 70.30 [5]) and "all time" is to be credited against a new sentence imposed on account of the charge or act underlying the vacated sentence.

Although Penal Law § 70.30 (3) begins with the words "Jail time", i.e., the local time which is the focus of the first paragraph of Penal Law § 70.30 (3), its final paragraph provides for credit for "the amount of time that would have been credited against a sentence for such charge [culminating in dismissal or acquittal], had one been imposed". Had a new sentence been imposed on the petitioner on account of the robbery conviction, the 3 years, 6 months and 1 day for which he here seeks credit would have been credited against that new sentence (Penal Law § 70.30 [5]). However, the robbery charge culminated in dismissal, and if one accepts that the petitioner was in custody within the meaning of the final paragraph of Penal Law § 70.30 (3) when arrested on the sodomy charge, any distinction between time served before and time served after formal commencement of the sentence pursuant to the invalid conviction is, in our opinion, an artificial one.

We conclude that because the petitioner was within the custody of the law pursuant to the robbery conviction when he was arrested for and subsequently convicted of sodomy, the final paragraph of Penal Law § 70.30 (3) requires that the petitioner receive credit against the sentence imposed pursuant to the sodomy conviction for the 3 years, 6 months and 1 day he was incarcerated pursuant to the unconstitutionally obtained robbery conviction. We therefore would reverse the

---

5. This view would also preclude credit against the sodomy sentence for the 257 days the petitioner was incarcerated locally on the robbery charge, for that period was credited pursuant to Penal Law § 70.30 against the sentence imposed on the now vacated robbery conviction. The respondents nonetheless use this rationale to posit an alternative view that if the petitioner is entitled to any credit, it should only be a partial credit of 257 days.

judgment of the Supreme Court, Queens County, on the law, and would grant the petition.

NIEHOFF, J., concurs with SULLIVAN, J.; MANGANO, J. P., concurs in a separate opinion; HARWOOD, J., dissents and votes to reverse the judgment, on the law, and to grant the petition, with an opinion in which BROWN, J., concurs.

Ordered that the judgment is affirmed, without costs or disbursements.