OPINION OF THE COURT
Alexander, J.
Petitioner, an inmate at a State correctional institution, was convicted of robbery, incarcerated for approximately 3 Vz years, and paroled. While on parole, he was arrested for a second offense. Subsequently, the robbery conviction was determined to have been unconstitutionally obtained, was reversed, and that indictment dismissed. Petitioner now seeks credit for the time he served on the invalid robbery conviction toward satisfaction of the sentence imposed upon the conviction for the second offense. We hold, however, that Penal Law § 70.30 (3) does not authorize a credit of jail time under such circumstances.
I.
Petitioner was convicted of robbery in the first degree after a bench trial in November 1975 and was sentenced to a period of incarceration of 5 to 15 years. The Appellate Division affirmed the conviction, but reduced the sentence to 2 Vz to IVz years (People v Hawkins, 63 AD2d 719, lv denied 45 NY2d 780). In 1978, petitioner was paroled after having served a total of 3 years, 6 months and 1 day (hereinafter referred to *160 for convenience as 3 Vi years).[1] Some two years later, in August 1980, while on parole from the 1975 robbery conviction, petitioner was arrested and charged with sodomy in the first degree. On October 19, 1981, he pleaded guilty to the sodomy charge and was sentenced as a second felony offender to 7 to 14 years — the 1975 robbery conviction being his only prior felony.
Meanwhile, in June 1981 — while the sodomy charge was still pending — petitioner sought a writ of habeas corpus in the United States District Court for the Eastern District, asserting that the 1975 robbery conviction was not supported by proof beyond a reasonable doubt, and that the trial court had violated his right against self-incrimination by drawing negative inferences from his postarrest silence. Ultimately — after petitioner had been sentenced on the sodomy conviction as a second felony offender — the United States Court of Appeals for the Second Circuit held that petitioner’s robbery conviction had been unconstitutionally obtained, and directed the District Court to issue the writ unless within 30 days the State moved to resentence petitioner on the sodomy conviction as a first felony offender (Hawkins v LeFevre, 758 F2d 866).[2] The People so moved, and accordingly, Supreme Court vacated the robbery conviction and sentence, dismissed the indictment, and resentenced petitioner upon his conviction of sodomy in the first degree as a first felony offender to 4 to 12 years.
Thereafter, petitioner sought a credit against this 4-to-12-year sentence for the amount of time he had spent incarcerated — 3Vi years — on the unconstitutional robbery conviction pursuant to Penal Law § 70.30 (3).[3] In general, the operative provision of that section enables those in "custody” on a pending charge that is ultimately dismissed to benefit from the time spent in detention pursuant to that charge. The request was denied, and petitioner instituted the instant *161 CPLR article 78 proceeding seeking an order directing respondents — the New York State Department of Correctional Services and the New York City Department of Correction — to credit him with the time served on the invalid robbery conviction.
Supreme Court declined to interpret Penal Law § 70.30 (3) as authorizing the time credit and denied the petition. A majority of the Appellate Division affirmed. Overruling its prior decision in Henderson v Reid (79 AD2d 1019), the majority concluded that release on bail or parole does not constitute "custody” within the meaning of Penal Law § 70.30 (3) thus defeating petitioner’s contention that he is entitled to the credit. The dissent, however, found Henderson v Reid (supra) controlling and concluded that although petitioner was released on parole he was nonetheless within the custody of the law pursuant to the robbery conviction when he was arrested for and subsequently convicted of sodomy. Therefore, according to the dissent, Penal Law § 70.30 (3) requires that the petitioner receive the credit. The appeal is before us as of right, two Justices having dissented on a question of law (CPLR 5601 [a]). We now affirm.
II.
Penal Law § 70.30 (3) addresses various aspects of the calculation and credit of jail time. The last paragraph of subdivision (3) — the so-called "dismissal-acquittal paragraph” — provides that: "In any case where a person has been in custody due to a charge that culminated in a dismissal or an acquittal, the amount of time that would have been credited against a sentence for such charge, had one been imposed, shall be credited against any sentence that is based on a charge for which a warrant or commitment was lodged during the pendency of such custody” (emphasis added).
Petitioner argues that he was arrested for sodomy "during the pendency of custody”, i.e., during his release on parole, and that his robbery conviction "culminated in a dismissal” after a successful appeal. Thus, he contends that the word "dismissal” is to be construed to include the reversal of a conviction on appeal resulting in the dismissal of the indictment, and that the term "custody” is not to be accorded a narrow interpretation to mean only actual custody, but should be interpreted broadly to encompass parole supervision as well.
*162 In support of this reading of the statute, petitioner directs us to instances where parole has been treated as "custody” in other contexts. For example, persons defined as being on parole have generally been considered to be in the legal or constructive custody of the Division of Parole (see, Executive Law § 259-i [2] [b]; People v Jackson, 46 NY2d 171, 174; Matter of Menechino v Division of Parole, 32 AD2d 761, 762, affd 26 NY2d 837; People v Santos, 31 AD2d 508, affd 25 NY2d 976; People ex rel. Natoli v Lewis, 287 NY 478; People ex rel. Newton v Twombly, 228 NY 33, 34). Moreover, petitioner maintains, if we construe the term custody to mean only "actual” custody, those who have already been released when the second arrest occurs, will be precluded from benefiting from the statutory credit and denied recompense for unjust confinement. Insisting that the statute’s obvious rationale is to be fair to those wrongly incarcerated for whatever reason, petitioner urges that the Legislature could not have intended to draw a distinction between those on parole when the second charge is lodged, and those actually confined awaiting disposition of the first charge when the second charge is lodged. If the Legislature had intended only actual custody, petitioner argues, it would have so indicated by employing more appropriate terminology such as "incarceration”, "confinement”, or "detention”.
The legislative history of Penal Law § 70.30, however, belies petitioner’s claim. That history establishes that the term "custody” was intended to mean "confinement” or "detention” under guard and not "constructive custody” such as release on parole or bail (see, People ex rel. Knox v Kelly, 126 AD2d 318, 320). Former Penal Law § 2193 (1) referred specifically to "confinement” and "time spent” in named institutions. The Commission Staff Notes on the Proposed New York Penal Law, indicating that only "minor changes” were contemplated, state: "The new provision eliminates the enumeration of institutions contained in the existing statute * * * and makes it clear that 'jail time’ includes time spent in 'custody’ no matter where the time was spent. This means that the defendant will get credit for time spent, under arrest, in a police station or state police barracks” (proposed Penal Law § 30.30 [3], renum and added as § 70.30 [3], by L 1965, ch 1030, Commission Staff Notes, at 297 [1964]; see also, People ex rel. Knox v Kelly, 126 AD2d 318, supra; Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 70.30, at 252 [1975]). The statute has been construed as *163 including commitment to various facilities (see, e.g., People v Pugh, 51 AD2d 1047, 1048 [time spent in State hospital]; Matter of Lawson v Drug Abuse Control Commn., 50 AD2d 1019 [time spent in rehabilitation center]). It is apparent, however, that the Legislature intended the provision to apply only to time spent in some type of "actual” custody (see, e.g., People ex rel. Kornaker v Meloni, 134 Misc 2d 444, affd 134 AD2d 868, lv denied 70 NY2d 616 [home confinement as a condition of probation is not time "spent in custody” within meaning of § 70.30 (3)]; People ex rel. Dunne v Jones, 77 AD2d 729 [release on bail pending appeal not "custody” within meaning of statute]; see also, Matter of Witteck v Superintendent of Wallkill Correctional Facility, 65 AD2d 249, affd 48 NY2d 858 [construing Penal Law § 70.30 (2-a) to require actual not constructive custody]).
The Commission Staff Notes illustrate the precise circumstances addressed by the amendment: "The proposed statute * * * grants jail time credit in a * * * situation where it presently would not be allowed. This involves a ease where a defendant is arrested for crime A and while he is under detention for that crime a warrant or commitment is lodged for crime B. Under existing law, if the defendant is acquitted of crime A and then convicted of crime B he will get no jail time credit against the crime B sentence for any time spent in detention prior to the acquittal * * * If he is convicted and sentenced for crime B prior to the acquittal on crime A and was held in the same detention facility during all of that time he might get no jail time credit at all. * * * Under the proposed statute the jail time that would have been credited against the crime A sentence will be credited against the crime B sentence” (Commission Staff Notes, at 297-298 [emphasis added]).
Even if we were to accept petitioner’s contention that the second charge could be lodged during "constructive custody”— such as release on bail pending trial — we nevertheless would conclude from an interpretation of the second requirement in the statute that the Legislature never intended the jail time credit provision to apply to those on parole.
In addition to the requirement that the second charge be lodged against petitioner while he is in custody, the statute also requires that the first charge result in a dismissal or acquittal. Petitioner maintains that the Legislature intended thereby to include those dismissals that result from a success *164 ful appeal after entry of judgment of conviction. When read in the context of the entire subdivision (3) of Penal Law § 70.30, it is clear that the dismissal-acquittal paragraph was not intended to include the dismissal of an indictment that might occur as a result of a successful appeal from a judgment of conviction.
Subdivision (3) begins by expressly providing that a sentence "shall be credited with * * * the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence” (emphasis added). The statute explains further that the credit to be provided "shall be calculated from the date custody under the charge commenced to the date the sentence commences” (emphasis added). It is apparent from this context that the dismissal referred to in the dismissal-acquittal paragraph contemplates the dismissal of a charge before a sentence for that charge has been imposed. Indeed, addressing the immediately preceding provision of subdivision (3) — one which sets forth the manner in which jail time is regulated among concurrent sentences — we have stated that the primary purpose of the jail time credit statute is "to give a person convicted of a crime, credit for the time he has spent in local custody awaiting disposition of the charge * * * As a general rule then a person who has been held in local custody, on a certain charge, prior to the formal commencement of his sentence on that charge is, entitled to credit the time previously spent in the local facility before and after sentence was pronounced” (Matter of Kalamis v Smith, 42 NY2d 191, 197 [emphasis added]). Construed in this context, the dismissal-acquittal paragraph clearly envisions that the "dismissal” of the first charge occur prior to the formal commencement of any sentence imposed on that charge, and thus does not encompass dismissals that result as a consequence of a successful appeal from a judgment of conviction (see, e.g., Matter of Jeffrey v Ward, 44 NY2d 812 [withdrawal of parole warrant not a dismissal or acquittal within meaning of statute]). The meaning of the term "custody”, therefore, cannot be said to include the status of parole.
Insofar as petitioner’s "dismissal” resulted from a successful appeal subsequent to conviction and imposition of sentence, and because the second charge — for sodomy — was lodged during his release on parole rather than while he was in actual custody on a pending charge, petitioner’s circumstances do not *165 fall within those contemplated by the statute, and his request for jail time credit was properly denied.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, without costs.

. Almost one year of that period of incarceration — 257 days — represented presentence incarceration credited to defendant pursuant to Penal Law § 70.30 (3).

. Initially, District Court denied the writ for failure to exhaust State remedies, but the United States Court of Appeals for the Second Circuit reversed and remitted for a consideration of the merits (Hawkins v West, 706 F2d 437). The petition was again denied, and the Second Circuit again reversed and remitted, this time directing the District Court to issue the writ on the condition stated above.

. Notably, petitioner does not seek credit for the time spent "on the street” between his 1978 release on parole and his 1980 arrest for sodomy.