■ In the Matter of RADTCHENKO NICKOLAY, Appellant, v NASSAU COUNTY SHERIFF'S DEPARTMENT, Respondent. (Proceeding No. 1.) In the Matter of RADTCHENKO NICKOLAY, Appellant, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, GLENN GOORD, et al., Respondents. (Proceeding No. 2.) [698 NYS2d 508] —In related proceedings pursuant to CPLR article 78 to compel the Nassau County Sheriff's Department to credit 61 days of good time to the time served by the petitioner, Radtchenko Nickolay (Proceeding No. 1), and to compel the Commissioner of the New York State Department of Correctional Services and the Nassau County Sheriff's Department to credit the same 61 days of good time (Proceeding No. 2), the appeals are from (1) a judgment of the Supreme Court, Nassau County (Honorof, J.), entered June 28, 1999, which denied the petition in Proceeding No. 1, and (2) a judgment of the same court, also entered June 28, 1999, which denied the petition in Proceeding No. 2. The notices of appeal from an order dated November 6, 1998, in Proceeding No. 1 and an order dated April 9, 1999, in Proceeding No. 2 are treated as premature notices of appeal from the respective judgments (*see,* CPLR 5520 [c]).

Ordered that the judgments are affirmed, without costs or disbursements.

The petitioner failed to establish that the certification

provided by the Sheriff of Nassau County pursuant to Correction Law § 600-a was improper (*see,* Penal Law § 70.30 [3]; *see also, Matter of Hawkins v Coughlin,* 72 NY2d 158), or that the State Department of Correctional Services improperly calculated the good behavior time to be credited to him (*see,* Correction Law § 803 [1]; Penal Law § 70.40 [1] [b]). Accordingly, the petitions were properly denied.

The parties' remaining contentions are either without merit or need not be addressed in view of our determination. S. Miller, J. P., O'Brien, Ritter and Florio, JJ., concur.