OPINION OF THE COURT
Bernard Dubin, J.
The defendant moves to vacate his sentence and be resentenced to time served.
Defendant herein pleaded guilty on February 24, 1978 to robbery in the third degree. On March 30, he was sentenced to a one-year intermittent term to be served on weekends from 8:00 a.m. Saturday to 8:00 p.m. Sunday under the direction of the New York City Department of Correction.
Thereafter defendant failed to report to the Department of Correction on November 11 and 12, 1978. Two days later he was incarcerated based on his failure to appear on these weekends. On December 14, 1978 the previously imposed *1082 indeterminate sentence was vacated pursuant to section 85.05 of the Penal Law and defendant was resentenced to a definite term of one year. He was given credit for all time spent in confinement in accordance with subdivision 4 of section 85.05 of the Penal Law which states: "time spent in confinement under the sentence of intermittent imprisonment shall be calculated as jail time under subdivision three of section 70.30 of this chapter”.
Subdivision 3 of section 70.30 in turn reads: "[t]he term of a definite sentence * * * imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence”. Also pertinent is subdivision 5 of section 70.30 of the Penal Law, which deals with time served under a vacated sentence and states: "all time credited against the vacated sentence shall be credited against the new sentence.”
The issue presented to this court is a simple one. How is jail time to be determined under a revoked "weekend sentence”? Does imprisonment on a Saturday and Sunday constitute two days or seven days for the purpose of the new sentence?
The defendant in the present case served 31 weekends. He argues that each weekend gives him credit for an entire week and maintains that he should be now credited with 31 weekends multiplied by 7 days or a total of 217 days.
The People dispute this total. They maintain that subdivision 4 of section 85.05 of the Penal Law must be strictly construed. They would interpret the phrase "time spent in confinement” to mean the actual number of days spent in physical custody, that is 31 weekends multiplied by 2 days which would credit the defendant with only 62 days.
A review of the law establishes that subdivision 3 of section 85.00 of the Penal Law deals with the duration and computation of an intermittent sentence. A pertinent part of such section reads as follows: "[t]he term of the sentence shall commence on the day it is imposed and shall be calculated upon the basis of the duration of its term, rather than upon the basis of the days spent in confinement, so that no person shall be subject to any such sentence for a period that is longer than a period that commences on the date the sentence is imposed and ends on the date the term of the longest definite sentence for the offense would have expired, after deducting the credit that would have been applicable to a definite sentence for jail time”. (Emphasis added.) An analysis *1083 of this language shows that it is clearly the "duration” of the "term” of an intermittent sentence which governs the number of days to be credited as jail time rather than the actual number of days spent in physical custody. In People v Warren (79 Misc 2d 777, 785), the court explicitly stated that eight weekends of jail service would equal 60 days of jail time.
If a defendant’s time were to be determined by the actual number of days he physically spent in an institution, in theory he would have to serve 182 weekends to equal 364 days or a one-year sentence. Yet, such a number of weekends would extend over a three-year period and in effect give him a three-year term. Such a sentence is prohibited by subdivision 4 of section 70.00 of the Penal Law and subdivision 3 of section 85.00 of the Penal Law which provides that intermittent sentences cannot be greater than the longest definite sentence which could be imposed, and that is one year.
Since the normal rule is that an intermittent sentence is governed by the term and not the days, this court can find no statutory basis for suspending such a rule upon revocation of such a sentence. Neither subdivision 4 of section 85.05 of the Penal Law nor section 70.30 of the Penal Law, implicity or otherwise, states that jail time shall be limited only to the actual physical days spent in confinement. Therefore, the defendant’s computation is correct. He is entitled to a full week for each weekend spent or a total of 217 days under the intermittent sentence which was imposed on him. The Department of Correction is directed to recompute his time in accordance with this decision giving the defendant due credit for all other jail time previously or presently served.
The application is therefore granted to the extent that the defendant is credited with 217 days under his revoked weekend sentence plus any additional jail time due him.