OPINION OF THE COURT
Stanley Harwood, J.
Motion for judgment pursuant to CPLR article 78 is granted to the extent that respondent is directed to credit 14 days against the sentence imposed under felony complaint number 2593-83.
Following his plea of guilty to a charge of attempted burglary, second degree, petitioner was sentenced by the Nassau County Court to a four-month intermittent sentence of imprisonment and five years’ probation. He was to serve the sentence of imprisonment between Friday and Sunday evenings of each week from January 28, 1983 through May 22, 1983. On April 22, 1983, the County Court excused petitioner from serving the period of April 22, 1983 to April 24, 1983, and modified the intermittent sentence by directing petitioner to serve the additional period of May 27, 1983 to May 29, 1983, in jail. (See Penal Law, § 85.05.) On May 5,1983, petitioner was arraigned on a felony complaint charging him with first degree rape and was remanded to the Nassau County Jail. On May 24, 1983, bail on the rape charge was reduced and posted, and *590 petitioner was released. There is no indication that petitioner failed to serve the remaining weekend of his four-month intermittent sentence, or that any part of the sentence imposed because of the burglary conviction has been revoked.
On June 24,1983, under a superseding felony complaint charging him with rape in the third degree, petitioner pleaded guilty to sexual misconduct and on September 30, 1983, the Nassau County District Court imposed a six-month jail sentence. Respondent, having given petitioner credit for good behavior time, has scheduled petitioner’s release for January 26, 1984. He has refused to give petitioner credit for any of the days from May 5, 1983 to May 24, 1983, during which time, respondent tacitly concedes, petitioner was incarcerated beyond the weekends only because of his inability to post bail. Petitioner argues he is entitled to a credit of 16 days, conceding that he is not entitled to a credit of “four days” served pursuant to the sentence imposed by the County Court. However, in the 20-day period between May 5, 1983 and May 24, 1983, fall three weekends, i.e., six days on which petitioner was directed to “serve” (see Penal Law, § 85.00, subd 4, par [iii]) his intermittent sentence. In referring to the time periods to be credited to the previously imposed intermittent sentence, and those spent in custody solely as a result of the charge culminating in the definite sentence, petitioner cites dates that do not correspond to the calendar and he erroneously omits the Friday-to-Sunday period of May 20, 1983 to May 22, 1983. The credit to which petitioner is entitled can be no more than 14 days.
Respondent does not challenge petitioner’s arithmetic, and requests only that the petition be dismissed in its entirety. He relies on article 85 of the Penal Law which provides that the term of an intermittent sentence “shall be calculated * * * [on] the basis of * * * its term, rather than upon the basis of the days spent in confinement, so that no person shall be subject to any such sentence for a period that is longer than a period that commences on the date the sentence is imposed and ends on the date the term of the longest definite sentence for the offense would * * * expire”. (Penal Law, § 85.00, subd 3.) Respondent argues *591 that because of the requisite calculation of an intermittent “term” of imprisonment, the entire period of May 5, 1983 through May 24, 1983, has been automatically “credited” against the term of petitioner’s previously imposed intermittent sentence, thereby precluding any credit for that period against the sentence culminating from the rape charge. (See Penal Law, § 70.30, subd 3; Matter of Kalamis v Smith, 42 NY2d 191.) Respondent relies on People v Becker (98 Misc 2d 1081), by which Supreme Court, Queens County, held that the “jail time” to be credited after a defendant was resentenced to a definite term following revocation of an intermittent sentence was a full week for each weekend spent in jail. (See Penal Law, § 85.05, subd 4.)
It is true that subdivision 3 of section 70.30 of the Penal Law provides that credit “shall not include any time that is credited against the term * * * of any previously imposed sentence to which the person is subject.” That subdivision also provides, however, that the “term of a definite sentence * * * imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence.” Petitioner’s confinement for 14 days of the 20-day period was not “part of” time served on the intermittent sentence (cf. Matter of Canada v McGinnis, 36 AD2d 830, affd 29 NY2d 853; see Penal Law, § 85.00, subd 4, par [iii]), but rather was a direct result of his inability to post bail on the charge culminating in the definite sentence. Although those 14 days are part of the “term” of the sentence imposed because of the burglary conviction, none have been utilized to “diminish” it. That a defendant whose intermittent sentence is revoked is, upon resentencing, entitled to an otherwise unutilized credit for each full week during which he served his intermittent sentence (People v Becker, supra) has no bearing on this case; that event has not taken place here and petitioner has received no such credit.