■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN T. KEEFE, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered June 27, 1986, which revoked defendant's intermittent sentence and imposed a definite sentence of imprisonment.

Defendant pleaded guilty to petit larceny and, on October 7, 1980, was sentenced to a three-year term of probation and restitution of $1,200. He was subsequently found to have violated the terms of his probation by failing to report as ordered and by failing to make certain restitution payments. As a result, on November 13, 1985, County Court revoked defendant's probation and imposed an intermittent jail term of 15 weekends in the Saratoga County Jail. After reporting for the first two weekends, defendant failed to continue to report. On June 27, 1986, County Court revoked the intermittent term and imposed a definite term of one year in jail. At the hearing held on such revocation, defendant was not represented by counsel, nor was he informed of his right to counsel. Defendant now appeals alleging that the failure to advise him of his right to counsel was reversible error.

The Penal Law recognizes three types of revocable sentences: probation, conditional discharge and an intermittent term of imprisonment (Penal Law § 60.01 [2]). To be contrasted are the definite and indeterminate terms of imprisonment which are not subject to modification (CPL 430.10). CPL 410.70 (4) specifies that, when a sentence of probation or conditional discharge is sought to be revoked, the defendant is entitled to counsel at all stages of the proceeding and the court must so advise the defendant. However, the statute dealing with revocation of an intermittent prison term (Penal Law § 85.05) makes no mention of the right to counsel. In our view, this should be treated as a statutory oversight.

A defendant's right to counsel extends to proceedings where

his liberty is at stake *(see generally, Argersinger v Hamlin,* 407 US 25; *People ex rel. Williams v La Vallee,* 19 NY2d 238; *People v Monahan,* 17 NY2d 310; *People v Witenski,* 15 NY2d 392). This right includes the obligation to be informed of the right to counsel *(see, People v Witenski, supra,* at 395). Further, CPL 170.10 (3) provides that a defendant has the right to the aid of counsel "at the arraignment and at every subsequent stage of the action". The statute also mandates that a defendant be advised of such right (CPL 170.10 [4] [a]).

Turning to the circumstances of the instant case, where an intermittent sentence is revoked, the defendant faces the possibility of a definite or an indeterminate term of imprisonment (Penal Law § 60.01 [3]). Thus, his liberty interest is clearly at stake, no less than the liberty interest of a defendant charged with a violation of probation or conditional discharge. Thus, we hold that, in a proceeding to revoke an intermittent sentence, the defendant is entitled to counsel and the court must advise him of such right at the outset of the proceeding. Accordingly, the judgment of conviction must be reversed and the matter remitted for further proceedings.

Judgment reversed, on the law, intermittent sentence reinstated and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.