■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS A. CHANCEY, JR., Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered April 22, 1987, which revoked defen-

---

dant's intermittent sentence and imposed a definite sentence of imprisonment.

On January 6, 1987, defendant's sentence of probation was revoked and he was sentenced to an intermittent jail term of one year to be served on weekends commencing January 9, 1987. On April 22, 1987, defendant appeared in court to answer charges that he had failed to appear to serve his intermittent sentence. On that date, County Court revoked the intermittent sentence and imposed a definite sentence of one year in jail. This appeal by defendant ensued.

Defendant contends that the was denied an opportunity to be heard regarding the allegations of his violation of his intermittent sentence. Penal Law § 85.05 (1) (b) provides that the court, on its own motion, may revoke an intermittent sentence if it is satisfied that the defendant has failed to report to the institution to which he has been committed and is unable or unwilling to furnish a reasonable and acceptable explanation. Before the court revokes an intermittent sentence, a defendant must be afforded an opportunity to be heard (Penal Law § 85.05 [3]). While neither the statute nor case law defines the scope of the opportunity to be heard, it must be kept in mind that, as we have recently held, a defendant who faces revocation on an intermittent sentence has a liberty interest at stake *(People v Keefe,* 131 AD2d 937, 938). Thus, where a defendant denies the allegations which form the basis of the motion to revoke, some form of fact-finding hearing would be appropriate.

In this case, though defendant and his attorney appeared before County Court and the allegations were presented, defendant did not deny them. Defendant's counsel expressed concern over what defendant was being charged with and who was charging him. County Court asked defendant's counsel if he was denying the allegations or if he wanted a hearing to be scheduled. Defendant accepted neither offer. Under these circumstances, defendant was not denied an opportunity to be heard.

Further, we reject any contention that defendant was denied his right to representation *(see, supra)* by County Court's failure to adjourn the matter for defendant to consult the particular member of the Public Defender's staff who had previously represented him. Defendant did not seek an adjournment and, in fact, County Court asked if defendant desired an adjournment.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Mercure, JJ., concur.