OPINION OF THE COURT
Joseph S. Forma, J.
This petition for writ of habeas corpus raises the issue of proper crediting of prior time served upon a violation of probation conviction which originally encompassed an intermittent sentence. The operative facts are not in dispute.
Relator was sentenced to a term of 6 months’ intermittent incarceration with probation which equated to 54 days of actual confinement. The subsequent sentence of probation was revoked and replaced with a one-year definite sentence. Rela *624 tor contends he should properly be credited with 7 days for each of the 18 weekends he was incarcerated instead of the actual 3 days’ confinement each weekend. The support for his position is found in People v Becker (98 Misc 2d 1081). There, the court reasoned that Penal Law § 85.00 (3) dealing with computation of the duration of the original sentence was controlling and defendant was entitled to 7 days’ credit for each weekend confined.
The court declines to adopt the reasoning of Becker (supra), and holds relator is entitled to jail time credit for days actually spent in confinement as opposed to the duration over which the sentence runs. Computation of the expiration of a sentence is entirely different than crediting jail time. The theory behind Penal Law § 85.00 (3) is to prevent one from receiving a sentence which goes beyond the maximum allowable on a definite sentence for the same crime. Jail time credit, however, rests upon an entirely different rationale, i.e., that one properly receives an adjustment to his or her ending date reduced by the number of days actually spent in confinement as a result of the charge upon which he or she was convicted (Penal Law § 70.30 [3]). Neither theory is dependent nor connected to the result under the other.
The explicit language of the Penal Law allows jail time credit for "the amount of time the person spent in custody prior to the commencement of such sentence”. (Penal Law § 70.30 [3].) The court finds no rationale to deviate from the express commandment of the statute. Therefore, the petition for writ of habeas corpus is dismissed and respondents are directed to calculate appropriate jail time credit for relator consistent with this decision and Penal Law § 70.30.