■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD A. FORTUNATO, Appellant. [651 NYS2d 644] —Peters, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 25, 1995, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant was indicted on one count of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. On July 15, 1994, he pleaded guilty to attempted criminal sale of a controlled substance in the third degree with the express understanding that he would be sentenced as a second felony offender to a prison term of 3 to 6 years. At defendant's request, sentencing was adjourned to permit him to enter into a substance abuse program. Although sentencing was to be adjourned to honor defendant's request, it was expressly acknowledged by both defendant and his counsel that no promises were made by either the People or County Court that defendant would receive a more favorable sentence in the event he was successful in his rehabilitative endeavors (*compare, People v Thompson*, 193 AD2d 841).

Following defendant's participation in several rehabilitation

programs, he came before County Court on August 25, 1995 for sentencing. At this time, defense counsel opined that defendant had made good-faith efforts to rehabilitate himself and moved to withdraw the prior guilty plea. In opposing this request, the District Attorney questioned the success actually attained by defendant in the preceding 15-month period and reminded the court that no promises were made to defendant upon his guilty plea in any event. County Court sentenced defendant to a prison term of 3 to 6 years.

On appeal, defendant requests that this Court remit the matter to County Court for the purpose of conducting a hearing to determine the accuracy of the District Attorney's statements at sentencing with respect to defendant's success in rehabilitating himself. Noting that defendant's participation in rehabilitation was not a condition imposed by County Court prior to sentencing, but rather was an accommodation for defendant's benefit agreed to by the People and permitted by the court, and in consideration of the fact that defendant knew that even the most successful rehabilitation experience did not guarantee him a more lenient sentence, we find that County Court was free to impose the agreed-upon sentence without offering defendant a chance to prove that his treatment was successful (or disprove the District Attorney's statements that it was not) or withdrawing his guilty plea. Consequently, the sentence should stand and we decline defendant's request that we remit the matter in the interest of justice.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.