[676 NYS2d 289]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID FANCHER, Appellant, v JOSEPH WASSER, as Sheriff of Sullivan County, Respondent.

Third Department, July 16, 1998

APPEARANCES OF COUNSEL

*Friedman & Killian,* Liberty (*Elissa Yavne Killian* of counsel), for appellant.

*David M. Gold, Assistant County Attorney,* Monticello, for respondent.

## OPINION OF THE COURT

PETERS, J.

In April 1996, after his plea of guilty to the crime of driving while intoxicated, petitioner was sentenced to an intermittent sentence of four months of weekend incarceration and probation for a term of five years. Approximately one year later, charged with a violation of probation, petitioner pleaded guilty and was sentenced to a jail term of one year, with credit for time served. After receiving credit for the number of days that he actually spent in jail, rather than the entire four-month period during which he served his intermittent incarceration, petitioner brought the instant petition for a writ of habeas corpus.

Upon stipulation, the sole issue presented to County Court was whether the "intermittent sentence is calculated by the duration over which the sentence ran, or rather, by the actual number of days the petitioner spent in jail". Noting the dearth of guidance on the issue, the court rejected the reasoning of *People v Becker* (98 Misc 2d 1081) and, following *People ex rel. Bailey v Netzel* (169 Misc 2d 623), limited credit to only that time which petitioner actually spent in custody. Upon petitioner's appeal from County Court's dismissal of his petition, we affirm.

Relying upon Penal Law § 85.00 (3), petitioner contends that upon resentencing he should have received credit for the entire duration of the term of the intermittent imprisonment rather than the actual days spent in confinement. Upon our review, we find that such reasoning belies the distinction between the calculation of a sentence's duration (*see, People v White,* 83 AD2d 668, 669) and the calculation of jail time for the purpose of determining credit for time served (*see, People ex rel. Bailey v Netzel, supra,* at 624).

Penal Law § 85.05 (4) specifically provides that when a sentence of intermittent imprisonment is revoked and replaced by a new sentence for the same offense, "time spent in confinement under the sentence of intermittent imprisonment shall be calculated as jail time under subdivision three of [Penal Law]

section 70.30 * * * and shall be added to any jail time accrued against such sentence prior to imposition thereof". Penal Law § 70.30 (3) requires that an individual be credited with the amount of time "spent in custody" as the result of the charge that culminated in the sentence under consideration.

Turning to a review of the legislative history of Penal Law § 70.30, the Court of Appeals in *Matter of Hawkins v Coughlin* (72 NY2d 158) opined "that the term 'custody' was intended to mean 'confinement' or 'detention' under guard and not 'constructive custody' such as release on parole or bail" (*id.*, at 162). It further noted that Commission Staff Notes on the Proposed New York Penal Law included "jail time" as " 'time spent in "custody" no matter where the time was spent' " (*id.*, at 162). Upon this basis, we conclude that pursuant to Penal Law § 85.05 (4) and § 70.30 (3), County Court properly found petitioner to be entitled to credit only for those days that he was actually incarcerated (*see, Matter of Franks v Koehler*, 159 AD2d 213, *lv denied* 76 NY2d 702; *People ex rel. Bailey v Netzel, supra; People ex rel. Kornaker v Meloni*, 134 Misc 2d 444, *affd* 134 AD2d 868).

Mikoll, J. P., Mercure, White and Carpinello, JJ., concur.

Ordered that the judgment is affirmed, without costs.