■ In the Matter of ERIC TITMAS, Appellant, v DANIEL HOGUE, as Sheriff of Sullivan County, Respondent. [799 NYS2d 626]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered October 7, 2004 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent computing petitioner's jail-time credit.

In May 2001, petitioner, who suffers severe physical and mental disabilities as a result of a traumatic brain injury, was convicted upon his plea of guilty of the crime of sodomy in the first degree. Petitioner requested that his sentencing be deferred so that he could receive treatment for his disabilities at an out-of-state private residential rehabilitation hospital. After a hearing, County Court (LaBuda, J.), issued an order granting petitioner's request subject to a number of restrictions, which included releasing petitioner upon the posting of a bond by petitioner's father consisting of the equity in the family residence and authorizing a family member to transport petitioner from the Sullivan County Jail to the hospital. Approximately 13 months later, petitioner was released from the hospital and returned to County Court, where he was sentenced to a five-year prison term in accordance with his plea agreement. In February 2004, petitioner requested that respondent certify the time he spent at the rehabilitation hospital as jail time pursuant to Penal Law § 70.30 (3). After petitioner's request was denied, he commenced this CPLR article 78 proceeding. Finding that petitioner had not been in custody as contemplated by Penal Law § 70.30 (3), Supreme Court dismissed the petition, prompting this appeal.

We affirm. Respondent properly excluded the period of time that petitioner voluntarily spent at the private residential rehabilitation hospital from the computation of his jail-time credit (*see Matter of Poole v Koehler*, 160 AD2d 880, 880 [1990]) since petitioner was on bail during this period of treatment and not in actual custody (*see Matter of Hawkins v Coughlin*, 72 NY2d 158, 162-163 [1988]; *People ex rel. Fancher v Wasser*, 244 AD2d 79, 81 [1998]; *Matter of Poole v Koehler, supra* at 880). Moreover, petitioner's admission to the rehabilitation hospital was "not a condition imposed by County Court prior to sentencing, but rather was an accommodation for [his] benefit agreed to by the People and permitted by the court" (*People v Fortunato*, 234 AD2d 713, 714 [1996], *lv denied* 89 NY2d 1035 [1997]).

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 5 Misc 3d 598.]