OPINION OF THE COURT
April A. Newbauer, J.
Defendant Salvatore Zambuto pleaded guilty on June 30, 2016 to one count of assault in the third degree (Penal Law § 120.00 [1]) with a promised sentence of eight weekends’ intermittent imprisonment split with three years’ probation. On August 11, 2016, the court imposed the negotiated sentence, including the parties’ agreement that the defendant would begin serving his intermittent sentence by reporting to Rikers Island on September 9, 2016 and for seven successive weekends. Defendant did report to Rikers Island on September 9, 16 and 23, 2016 but for reasons not clear was sent away after several hours. Apparently, the Department of Correction was either unaware of his sentence or unable to accept him according to their procedures on those occasions. On the following five weekends, defendant again reported to Rikers, was accepted into the facility and served his weekend time. The defendant has complied with the sentence in other respects such as reporting to probation and remaining law abiding.
The People now request that the court order the defendant to serve his sentence in its entirety, which they contend means five more days, subtracting the time he did serve on the five later weekends. The defendant objects, claiming that his sentence cannot be modified except under grounds specified in Penal Law § 85.05 (1). The court held a fact-finding hearing on October 24, 2016 to permit the parties to be heard on their respective positions. (See People v Chancey, 141 AD2d 980 [3d Dept 1988].)
Conclusions of Law
Penal Law § 85.05 (1) states that a sentence of intermittent imprisonment may be modified by the court if
“(a) the court is satisfied during the term of the sentence that the defendant has committed another offense during such term;
“(b) the defendant has failed to report to the institution to which he has been committed, . . . on a day or dates specified in the commitment and is unable or unwilling to furnish a reasonable and acceptable explanation for such failure; or
“(c) the defendant has violated a rule or regulation *589 of the institution or agency to which he has been committed and the head of such institution or agency or someone delegated by him has reported such violation in writing to the court.”
The circumstances under which a defendant’s intermittent time may be modified are quite specific and do not include bureaucratic bumbling, misplaced paper work or other administrative errors. The court must bear in mind the legislative intent to allow misdemeanor offenders to remain largely in the community and avoid collateral consequences, such as loss of employment, to the detriment of their families. (See Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Penal Law § 85.00.) In this case, not only did the defense represent that the defendant arranged time away from his work as a limousine driver to report on September 9th and the two following weekends, but also that he arranged a modified weekend visitation schedule with his children based on the agreed upon dates.
The prosecution maintains that Penal Law § 85.05 does not apply because they are merely seeking to credit the defendant only for time he actually served (cf. People ex rel. Fancher v Wasser, 244 AD2d 79 [3d Dept 1998]), and not to modify the defendant’s sentence. Yet Penal Law § 85.00 (1) defines an intermittent sentence as one
“to be served on days or during certain periods of days, or both, specified by the court as part of the sentence. A person who receives a sentence of intermittent imprisonment shall be incarcerated in the institution to which he is committed at such times as are specified by the court in the sentence.”
Embodied in the definition of the intermittent sentence is the concept of precise temporal parameters, which the court sets forth at the time of sentence. Indeed, the correctional facility insists on that specificity as part of the defendant’s commitment order. The People’s restrictive interpretation of the term “modification” is thus unduly strained. Penal Law terms must be construed according to the fair import of their meaning to promote justice and effect the objects of the law. (Penal Law § 5.00.)
While the court rejects the defense position that a sentenced offender should not be “inconvenienced,” there is no basis in law to impose a modified schedule on a defendant who has complied with his sentence in all respects. Defendant was *590 responsible for reporting to Rikers Island on September 9, 2016 at 6 p.m. and on seven Fridays thereafter as specified in the sentence. He was not charged with a duty to unravel a faulty administrative process and ascertain why his appearances on three of these Fridays failed to generate much interest on the part of the Department of Correction.
No further time is warranted under these circumstances. The People’s application is denied.